Ex parte GEORGE.

(District Court, N. D. Alabama, S. D. July 23, 1910.)

1. ALIENS (§ 54*)—DEPORTATION—SUFFICIENCY OF WARRANT.

A warrant of arrest of an alien for deportation, charging that he had been induced or solicited to migrate to this country by an offer or promise of employment or in consequence of an oral agreement to perform unskilled labor in this country, was sufficient, especially where unobjected to on the hearing and criticized for the first time after deportation was ordered and collaterally on a writ of habeas corpus.

[Ed. Note.—For other cases, see Aliens, Dec. Dig. § 54.*

Importation of contract labor, see note to United States v. Parsons, 66 C. C. A. 133.]

2. ALIENS (§ 50*)—DEPORTATION—"CONTRACT LABORER"—EVIDENCE.

An alien upon promise to employ him on arrival at this country at stipulated wages in a definite occupation, made by one who advanced him money for his passage, secured by mortgage on his property, and who accompanied him on his journey, came to this country, went to work for such person at the stipulated wages, and designated occupation, repaid the advance out of his wages, and continued in the employment of the person who made the promise and advance for a year. *Held*, that he was a contract laborer, expressly excluded by Immigration Act Feb. 20, 1907, c. 1134, § 2, 34 Stat. 898 (U. S. Comp. St. Supp. 1909, p. 447).

[Ed. Note.—For other cases, see Aliens, Cent. Dig. §§ 108–110; Dec. Dig. § 50.*]

Petition by Harry George for a writ of habeas corpus. Writ discharged, and petitioner remanded to custody.

William Vaughn and J. W. Davidson, for petitioner.
J. H. Montgomery, Asst. U. S. Atty.

GRUBB, District Judge. This was a petition for a writ of habeas corpus, upon which the writ was issued to the sheriff of Jefferson county, Ala., in whose custody the petitioner was. The sheriff produced the body of the petitioner, and returned that he was holding him under a warrant issued by the Secretary of Commerce and Labor for his deportation to Greece, the country from which he had emigrated to this country about two years and nine months before the proceedings were instituted. The return of the sheriff set out the original warrant of arrest issued to the immigration inspector by the Secretary, the proceedings and evidence introduced at the hearing before the immigration officer, and the warrant for petitioner's deportation. The

petitioner was not represented by counsel at the hearing, though advised of his right to be so represented, and made no objection to the proceedings there had.

The warrant for arrest set out two grounds as justifying his deportation: (1) That he had been convicted of or had admitted committing a felony or a misdemeanor involving moral turpitude; and (2) that he had been induced or solicited to migrate to this country by an offer or promise of employment or in consequence of an oral agreement to perform unskilled labor in this country.

The facts developed before the immigration officer, as shown by the return to the writ, were without conflict, being derived entirely from the admissions of petitioner on his examination before the officer on the hearing. His testimony as to the first charge was that some two years before he left Greece he was tried and convicted at Tripoli of a felonious assault and sentenced to four months' imprisonment; that his assault consisted of his act in striking in a quarrel another Greek with a large piece of firewood. At the same time the brother of petitioner stabbed the same person with a knife. The assault, as well as the conviction, was admitted by petitioner. His testimony on the hearing in relation to the second charge was that he left Greece under these circumstances. The owner of a shoe shining establishment in Birmingham, Ala., agreed to employ him in his establishment if he came to America, and pay him $20 per month, to lend him the money needed for his trip, taking as security for the loan a mortgage on petitioner's land in Greece, the loan to be repaid from his wages when employed. The lender and the petitioner came to this country on the same steamship, and petitioner came to Birmingham and went to work for the lender, continued in his service for a year, and out of his wages repaid the loan.

Objection was made to the sufficiency of the warrant, for the first time, upon the hearing of the petition, upon the ground that it did not set out the charges, justifying deportation, with sufficient certainty. Possibly the first ground relied on by the United States is insufficiently alleged in the warrant, in that it does not show what the felony or misdemeanor relied upon for deportation was or when or where committed, and consequently does not identify the offense relied on so as to enable petitioner to meet the charge. If petitioner had committed more than one offense, the warrant would not apprise him which one was relied on by the government. U. S. v. Sibray (C. C.) 178 Fed. 150. It is also a question of doubt under the evidence whether the assault which petitioner admits having committed and been convicted of constituted a felony within the meaning of section 2 of the immigration act of February 20, 1907 (Act Feb. 20, 1907, c. 1134, 34 Stat. 898 [U. S. Comp. St. Supp. 1909, p. 447]). It certainly does not constitute a misdemeanor involving moral turpitude. It is not necessary to decide either of these questions, in view of the patent sufficiency both in matter of averment and proof of the second ground for deportation set out in the warrant, viz., that petitioner was a contract laborer, within the meaning of the second section of the act. The warrant charges that he was induced or solicited to mi-

grate to this country by offers or promises of employment and in consequence of an agreement to perform labor in this country. The petitioner was fully apprised by the warrant that his deportation was sought by the government because of a promise made to him or an agreement made with him to perform labor in this country, which induced his immigration. There could be no room for doubt on the part of petitioner as to the identity of the transaction relied on by the government, since he could have received but one such promise and made but one such agreement. The warrant was sufficient as to this charge, certainly when unobjected to on the hearing and criticized for the first time after deportation was ordered and collaterally upon a writ of habeas corpus. The warrant charges each of the elements of the ground of deportation relied on, and is not void.

The evidence shows without conflict that the petitioner was within the excluded class, called "contract laborers." Upon a promise to employ him upon his arrival in this country at stipulated wages in a definite occupation, made by one who advanced him money for his passage, secured by a mortgage on his property, and accompanied him on his journey, he came to this country, went to work for such person at the stipulated wages and at the designated occupation, repaid the advance out of his wages, and continued in the employment of the person who made the promise and advance for a year.

The writ is discharged, and the petitioner is remanded to the custody of the sheriff to await the execution of the warrant of deportation. In the event of an appeal from this order discharging the writ, the petitioner may be enlarged pending the appeal upon executing a recognizance with sufficient surety in the sum of $500 for appearance to answer the judgment of the appellate court. Rev. St. § 765 (U. S. Comp. St. 1901, p. 596); Supreme Court Rule 34 (6 Sup. Ct. iii); In re McKane (C. C.) 61 Fed. 205.