## Ex parte MICHELE.

(District Court, E. D. Washington, S. D. April 17. 1911.)

ALIENS (§ 54*)—DEPORTATION—WARRANTS.

A deportation warrant charged that the alien was a member of the excluded classes, in that he was a contract laborer and had been induced to migrate by an offer or promise of employment under an agreement to perform manual labor in the United States. *Held*, that the charge was sufficiently set forth in the warrant.

[Ed. Note.—For other cases, see Aliens, Cent. Dig. § 112; Dec. Dig. § 54.*

Importation of contract labor, see note to United States v. Parsons, 66 C. C. A. 133.]

In the matter of the application of Bughi Michele for a writ of habeas corpus. Petitioner remanded.

Dunphy, Evans & Garrecht, for petitioner.

Oscar Cain, U. S. Atty., and E. C. Macdonald, Asst. U. S. Atty., for inspector.

RUDKIN, District Judge. This was a petition for a writ of habeas corpus, upon which the writ was issued by my predecessor in office to E. L. Wells, immigrant inspector of the Department of Commerce and Labor, in whose custody the petitioner was held. The officer to whom the writ was directed has made return that he is holding the petitioner under a warrant of deportation issued by the Secretary of Commerce and Labor, based on a hearing had before the immigrant inspector at Walla Walla, and the deportation warrant and the report of the hearing before the inspector are made a part of the return. The deportation warrant charges:

"That the said alien is a member of one of the excluded classes, in that he is a contract laborer, and was induced or solicited to migrate to this country by an offer or promise of employment. or in consequence of an agreement, oral. written, printed, express, or implied, to perform manual labor in the United States."

The report accompanying the warrant sets forth an affidavit of Regalia Pietro, taken before the immigrant inspector on June 28, 1910, an affidavit of the petitioner, taken before the same officer on the 2d day of July, 1910, the testimony of the petitioner and his employer, Guiseppi Fausti, taken at a hearing had before the commissioner in Walla Walla on the 6th day of July, 1910, at which the petitioner was present and was informed of the charge against him, of his right to have an attorney, and was given a full opportunity to be heard, and

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

a further affidavit of his employer, taken on the same day, but at a different time and place. The petitioner has demurred to the return, and its legal sufficiency to justify his detention is the only question presented for consideration.

He objects to the sufficiency of the deportation warrant on the ground that it does not specify the nature of the charge against him, and to the hearing had on the ground that he was not present and was given no opportunity to confront or cross-examine the witnesses. The charge against the petitioner is sufficiently set forth in the warrant. Ex parte George (D. C.) 180 Fed. 785. This case differs widely from the case of United States v. Sibray (C. C.) 178 Fed. 150, where the alien was charged with having committed a felony or misdemeanor involving moral turpitude.

It appears from the return that the petitioner was given a full hearing, with an opportunity to produce witnesses and to be heard in his defense. Ignoring the ex parte affidavits taken at other times and places, I am fully convinced from the testimony taken at such hearing that the petitioner is within the excluded class called "contract laborers," and is subject to deportation under the laws of Congress.

The writ of habeas corpus is therefore discharged, and the petitioner is remanded for deportation, pursuant to the warrant of the Secretary of Commerce and Labor.