## Ex parte FIERSTEIN.

### FIERSTEIN v. CONATY, Acting District Director of Immigration Service.
### No. 6072.

Circuit Court of Appeals, Ninth Circuit.
May 19, 1930.

Rehearing Denied June 20, 1930.

John Beardsley, of Los Angeles, Cal., for appellant.

Samuel W. McNabb, U. S. Atty., and P. V. Davis, Asst. U. S. Atty., both of Los Angeles, Cal. (Harry E. Blee, Immigration Service, of Los Angeles, Cal., on the brief), for appellee.

Before RUDKIN and WILBUR, Circuit Judges, and KERRIGAN, District Judge.

WILBUR, Circuit Judge.

Appellant is detained on a deportation warrant. He applied to the District Court for writ of habeas corpus, and the application was denied. It is admitted that appellant is an alien, a native and citizen of Russia, and a member of the Communist Party in the United States. The appellant was arrested while at the headquarters of this organization, and in connection with his arrest some of the literature used by the party was seized. Before the immigration authorities, counsel for the appellant objected to the use of this literature, on the ground that it was seized without a search warrant and in violation of the rights of the appellant. This literature was received in evidence before the immigration authorities of Los Angeles, but the Board of Review at Washington, in its decision, announced that it would disregard this evidence and base the order of deportation upon the other evidence before it. By stipulation of the parties, the record before the immigration authorities was brought before the District Court on appeal for consideration, and none of the exhibits seized at the time of the arrest of the appellant are contained in that record. There is therefore no evidence in the record with reference to the nature of the Communist Party other than the testimony of the appellant and of a police officer, which will be hereinafter referred to.

The appellant denied that the party was committed to a program of violence, and, if his testimony was believed, the facts stated in the warrant of deportation with reference to the character of the organization with which the appellant is affiliated are untrue. The police detective, William F. Hynes, in charge of the radical section of the Bureau, who arrested the appellant, in response to a question by appellant's attorney, testified as follows: "Q. Is it your view that mere membership in the Communist Party is sufficient warrant for the deportation of the alien?"

The inspector prevented an answer by stating that "the Secretary of Labor will decide that question." Thereupon the attorney for the appellant asked the inspector if he declined to permit the witness to answer the question. The inspector thereupon asked the witness: "Are you qualified to answer that question, Mr. Hynes?"

"A. I don't know if I am qualified. I was formerly a member of the communist party in 1922; and I would say that the knowledge that I gained in the party at that time, and reading the various documents, books and papers issued by the Workers Communist Party of America and the Communist Internationale, I have no doubt but what in my mind but what the Communist

Party is the party which believes in, teaches and advocates the overthrow of the Government of the United States and of all organized government by force and violence.

"By Attorney. Q. You have been a member of the Workers Communist Party of America, have you? A. I was a member of the Workers Party of America which is now the Workers Communist Party of America; and I may say I was a member of the Workers Party of America in Los Angeles and at the same time I was a member of the Los Angeles Police Department and it was in that connection I joined."

"Q. You never have been a member of the Workers Communist Party of America? A. As I say there is no difference between the two."

This statement in the evidence constitutes the only testimony before the District Court, or considered by the Board of Review in the Department of Labor, as to the character of the organization to which appellant admitted he belonged. The witness is evidently testifying to a conclusion which he has drawn from reading documents, books, and papers. He does not even testify that these various documents, books, and papers teach or advocate the overthrow of the government of the United States; his statement was, "I have no doubt but what in my mind but what the communist party is the party which so believes," etc. It will be observed that the witness is testifying as to the situation in 1922, whereas the arrest in this case was made seven years later, in 1929. This evidence is insufficient to justify deportation on the ground specified in the warrant. Stipulation by which the record was presented to the District Court and to us on this appeal is that the original file and record of the Department of Labor covering the deportation proceedings against petitioner filed at the hearing on return of the lower court may be sent to the clerk of this court as part of the record in lieu of a certified copy of the record. The appellee seems to contend that the court will take judicial notice of the character of the Communist Party. No authority is cited in support of this contention. While the character of this organization has frequently been considered by the court, and in some very recent cases, Whitney v. California, 274 U. S. 357, 47 S. Ct. 641, 71 L. Ed. 1095; Antolish v. Paul (C. C. A.) 283 F. 957; Skeffington v. Katzeff (C. C. A.) 277 F. 129; Ex parte Jurgans (D. C.) 17 F.(2d) 507, the decisions in these cases are based upon the evidence adduced before the court with

reference to the character of this organization, and the statements made in the opinions of the court with reference to that organization are based upon the testimony before the court, and in no instance has the court attempted to take judicial notice of the character of this organization.

We express no opinion as to whether or not the exhibits seized at the time of the arrest of the appellant can be used in evidence.

Reversed, with directions to try the issues de novo, as suggested in Chin Yow v. United States, 208 U. S. 13, 28 S. Ct. 201, 52 L. Ed. 369; Whitfield v. Hanges (C. C. A.) 222 F. 745; Svarney v. United States (C. C. A.) 7 F.(2d) 515; Mouratis v. Nagle (C. C. A.) 24 F.(2d) 799; In re Chan Foo Lin (C. C. A.) 243 F. 137; Ungar v. Seaman (C. C. A.) 4 F.(2d) 80, 81; Ng Fung Ho v. White, 259 U. S. 276, 42 S. Ct. 492, 66 L. Ed. 938.