Joseph George STRECKER, Appellant, v. Eugene KESSLER, District Director of Immigration and Naturalization, Appellee.*

No. 8680.

Circuit Court of Appeals, Fifth. Circuit.

June 7, 1938.

C. A. Stanfield, of Hot Springs, Ark., for appellant.

Leon D. Hubert, Jr., Asst. U. S. Atty., of New Orleans, La., for appellee.

Before SIBLEY, HUTCHESON, and HOLMES, Circuit Judges.

PER CURIAM.

The judgment of reversal is amended to read, "Reversed, with directions to try the issues de novo as suggested in Ex parte Fierstein, 9 Cir., 41 F.2d 53, at page 54." The motion for rehearing is denied.

SIBLEY, Circuit Judge, dissents.

SIBLEY, Circuit Judge (dissenting).

I think a rehearing should be granted, especially to consider the significance of the references to the Third Communist International contained in the membership book issued to Strecker by the Communist Party of the U. S. A. and the question whether the objectives and programs of the two named organizations can be judicially noticed. Neither of these things was argued before us nor considered in deciding the case, and they might lead to a different result.

The membership book for which Strecker paid, which was issued in his name, was received and read by him, and on which he paid dues for two months and which he retained in his possession after ceasing to pay dues without any resignation or repudiation of his membership, contains these statements: "A member of the Party can be every person * * * who accepts the program and statutes of The Communist International and the Communist Party of the U. S. A. * * * who subordinates himself to all decisions of the Comintern and of the Party * * *" "The Communist Party, like all Sections of the Comintern, is built upon the principles of democratic centralization. These principles are

* * * immediate and exact applications of the decisions of the Executive Committee of the Communist International and of the Central Committee of the Party. * * *. After a decision has been adopted at the Congress of the Comintern * * * it must be carried out unconditionally, even if some of the members of the local organization are not in agreement with the decision." "The Party * * * incorporates the whole body of experience of the proletarian struggle, basing itself upon the revolutionary theory of Marxism. * * * The Party personifies the unity of proletarian principles, of proletarian will and of proletarian revolutionary action." It thus appears that the Communist Party of U. S. A. and its members are affiliated with, nay more, are subject to the Communist International of Moscow and adopt its program and statutes. There is express reference to the "revolutionary theory of Marxism."

Now a court, and equally the Secretary of Labor, may notice without proof what is generally notorious in the community. This does not mean that everyone actually knows it, but that ordinarily well informed persons do. Among such things so noticed are general and local current history. And this includes the organization and objectives of political parties. 23 C.J., Evidence, § 1937; State v. Wright, 251 Mo. 325, 158 S.W. 823, Ann.Cas.1915A, 588; State v. Kortjohn, 246 Mo. 34, 150 S.W. 1060; Rider v. Braxton County Court, 74 W.Va. 712, 82 S.E. 1083; Porter v. Flick, 60 Neb. 773, 84 N.W. 262. It is known to me, not from research, but from general information at the time and since, that the Third Communist International was organized just after the World War and in connection with the Russian Revolution as an international organization of those who believe that private property should be abolished and the essentials of wealth and production vested in a government controlled only by the proletariat, and that the accomplishment of this by peaceful means is impractical and that the "direct action" of revolution must be resorted to; and to this end all capitalistic governments must be thus overthrown, and the workers of the world must unite. In the same way I know that the Socialist Party in the United States, which seeks change by constitutional means, was about this time divided, and the "left wing", which insisted on "direct action", separated from it and became the Communist Party of the U. S. A. and joined the Third Communist International. If this was all knowable by

*Petition to set aside judgment denied July 27, 1938.

the Secretary, in connection with the evidence in the record, there would be a sufficient basis for him to conclude as a fact that Strecker became a member of or at least affiliated with an organization that advises, advocates and teaches the overthrow by violence of the Government of the United States, as one of the capitalistic governments, within the provision of 8 U. S.C.A. § 137(c). The opinion of this Court in fact resorts to judicial notice in its remarks about recent changes in the methods of the Communist Party and in Soviet Russia. But no one professes to know that the Communist International had in 1933 changed its program, or indeed that the Communist Party of the U. S. A. at that time had. No one doubts that the economic aims of Communism may be lawfully promoted by a citizen or an alien in the United States, so long as they are sought to be attained by peaceable means. But the advocacy of attainment by force and violence is outlawed, because laying the foundation for treason. A rehearing ought to be had.