WHITE, Immigration Com'r, v. WONG QUEN LUCK.

(Circuit Court of Appeals, Ninth Circuit. July 16, 1917.)

No. 2810.

1. ALIENS &=32(13)—DEPORTATION—CHINESE PERSONS—HEARING.

Where a Chinese person, applying for admission to the United States as the son of a native of the United States, was after hearing ordered deported on account of errors in the interpretation of his answers to the questions propounded, a writ of habeas corpus may be granted on the ground that he was not accorded a fair hearing by the immigration officials, such applicant and his counsel having no opportunity to read the record, although ordinarily such person should not be allowed to raise the question of errors in the interpretation of his answers, where given a hearing by the immigration officials, unless that question was raised at the hearing.

2. HABEAS CORPUS &=111(1)—ALIENS—FAIR HEARING—DISCHARGE.

Where a Chinese person, applying for entrance into the United States, was ordered deported without a fair hearing, he should not, on writ of habeas corpus, be unconditionally discharged from custody; but such discharge should be conditional, to be effective only in case the immigration authorities should fail to give the applicant a fair hearing within a reasonable period, as a month.

Appeal from the District Court of the United States for the First Division of the Northern District of California; Maurice T. Dooling, Judge.

&=For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Application by Wong Quen Luck for a writ of habeas corpus against Edward White, Commissioner of Immigration at the Port of San Francisco. From an order issuing the writ, and discharging the petitioner, respondent appeals. Order modified and affirmed.

John W. Preston, U. S. Atty., and Casper A. Ornbaun, Asst. U. S. Atty., both of San Francisco, Cal., for appellant.

Joseph P. Fallon, of San Francisco, Cal., for appellee.

Before GILBERT and HUNT, Circuit Judges, and WOLVERTON, District Judge.

HUNT, Circuit Judge. Wong Quen Luck was discharged from custody after hearing in habeas corpus proceedings before the District Court, and the commissioner of immigration at San Francisco has appealed from the order of discharge.

Wong Quen Luck, about 16 years old, was born in China, and claimed to be the son of Wong Shoon Jung, a native of the United States. Luck applied to be admitted in June, 1915; his application was heard, and finally denied, by the Secretary of Labor, upon the ground that the relationship claimed was not established, in that discrepancies developed in the testimony of some of certain witnesses, particularly with respect to the applicant's paternal grandfather, and to the time when the alleged father was in China, and to the number and sexes of the children of a neighbor of the applicant in China. In the record it is set forth that the court, having determined that the hearing before the immigration officers upon the application of Luck to enter the United States was unfair, proceeded to determine and hear the application. Thereupon it was stipulated between counsel for the government and Luck that upon the hearing Luck contended that the discrepancies which appeared in his testimony and the testimony of his father at the hearing had before the immigration officers were due to the fact that the official interpreter, who acted for the immigration officials at the time that the testimony of the applicant was taken, spoke a different dialect from that spoken by Luck, and that because of the fact that the official interpreter spoke a dialect which was not understood by the detained, the hearing granted him upon the application to enter the United States was unfair. It also appears by the stipulation that, upon the statement as above, the judge of the District Court permitted Luck to testify, "and the answers of the said detained to the various questions propounded to him by his counsel and the United States attorney's office through the official Chinese court interpreter, namely, D. D. Jones, explained the discrepancies satisfactorily to the court, and the said detained was ordered released."

[1] It is contended by counsel for the government that no objection to the interpreter was ever made on the part of Luck during the hearing before the immigration officials, and that the court erred in allowing appellee to attack the proceedings had before the immigration officials. In a general sense this position is well assumed, because an applicant for admission, who is given opportunity to be heard by the immigration officials, should present objections of such a character to those authorities. The Japanese Immigrant Case, 189 U. S. 86–101, 23 Sup. Ct. 611, 47 L. Ed. 721. But, on the other hand, if

as a matter of fact there has been serious error made in the interpretation and recording of the answers given by an applicant to the questions propounded to him before the immigration authorities, and if the applicant or his counsel has not had opportunity of reading the record, and if it is made clear that such error in interpretation and recording is in direct respect to the matters upon which the immigration authorities have finally based their order of deportation, he may in petition for habeas corpus set up that he has been denied a fair hearing.

Under such circumstances the primary question would be, not whether there was an abuse of discretion on the part of the immigration authorities, nor whether the weight of the testimony purporting to have been given is for or against admission, nor whether he understood the import of the questions propounded to him, but is whether the applicant has been examined fairly at all as to his right to admission in the United States. This must be so, for it is self-evident that an essential requisite of a fair hearing is that the interpreter employed must know two languages, English and Chinese, sufficiently well to translate the questions and answers with substantial accuracy. Guided evidently by the justice of such a view, the judge of the District Court permitted the petitioner, Luck, to testify that the interpretation of the dialect which he spoke had been inaccurately made and recorded before the immigration officials, in that, if the answers to the questions which were propounded had been correctly interpreted and recorded, they would have shown that he was the son of Wong Shoon Jung, and therefore entitled to admission.

We are of the opinion that the District Court committed no error in taking jurisdiction and hearing the testimony of the petitioner, and in the absence of the testimony from the record we find no reason for concluding that the court erred in holding that the applicant did not have a fair hearing.

[2] But we think that, in ordering the unconditional release of the applicant, the court went further than it should have, in that the order of discharge should not have been final, but conditional, to be effective only in case the Immigration authorities should fail to give the applicant the fair hearing required by law within a reasonable period, say 30 days hereafter. United States v. Petkos, 214 Fed. 978, 131 C. C. A. 274. The order of the lower court is therefore modified as indicated, and the matter is remanded to that court for further proceedings in conformity herewith. As modified, the order will be affirmed.