## Ex Parte GIN MUN ON.

(District Court, N. D. California, First Division. October 19 and 26, 1920.)

No. 16856.

1. **Aliens ⊜⇒54—Refusal to submit opinion evidence to board of inquiry held to render hearing unfair.**

Where there was submitted to the board of special inquiry expert testimony that petitioner was older that his stated age, on the issue of whether he was the son of a native-born citizen, petitioner was denied a fair hearing by the refusal of the commissioner to submit to the board the opinion of other doctors that there was a large opportunity for error in determining the age of an individual from a physical examination and a declaration by the Circuit Court of Appeals that the opinion of a surgeon as to the age of an individual was of no greater value than that of a layman, and neither had much probative value to show a difference of age of only two years.

2. **Habeas corpus ⊜⇒109—Court need not remand alien case.**

Where an alien's petition for writ of habeas corpus shows that the hearing by the board of special inquiry was unfair, it is not necessary for the court to send the case back to the board for another hearing, but the court can itself grant a hearing and determine the issue. .

Habeas Corpus. Petition by Gin Mun On for the writ. Demurrer to the petition overruled, writ issued, and petitioner discharged.

George A. McGowan, of San Francisco, Cal., for petitioner.

Frank M. Silva, U. S. Atty., and Ben. F. Geis, Asst. U. S. Atty., both of San Francisco, Cal., for respondent.

DOOLING, District Judge The petitioner, claiming to be 10 years and 8 months of age, arrived at the port of San Francisco in charge of a woman who claimed to be his mother. They applied for admission as the wife and infant son of a native-born citizen of the United States. The woman was admitted, but the boy was denied admission, on the ground that his relationship to the alleged father was not satisfactorily proved. Thereupon his counsel asked and obtained leave to present further evidence. This evidence had to do with the age of applicant, and was offered to rebut the testimony of a physician that in his opinion, based upon a physical examination of the applicant, the latter was within one year either way of 14 years of age. The testimony of three physicians so offered by applicant, to the effect that they were unable to find from a physical examination sufficient evidence to contradict his contention that he is about the age claimed, was received and considered by the board of special inquiry that was considering applicant's case. The commissioner, however, refused to submit to the board as additional evidence the opinion of Drs. Glover and McKeon, at one time connected with the department, to the effect that there is a large opportunity for error in determining the age of an individual from a physical examination. He also refused to submit to the board a declaration by the Circuit Court of Appeals for this circuit practically to the same effect. Such declaration was as follows:

"Upon such a question, the opinion of a surgeon is believed to be of no greater value than that of a layman, and in either case it has but little pro-

⊜⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

bative value to show a difference of age of only two years." Woo Hoo v. White, 243 Fed. 541, 156 C. C. A. 239.

[1, 2] The refusal to submit these matters to the board was not based upon objection to their form, but solely on the proposition that they were not deemed pertinent and could not be designated as additional evidence. But the opinion of experts on facts like these is pertinent, and is additional evidence. Why they were withheld from the board, particularly why the declaration of our Circuit Court of Appeals was so withheld, I am unable to understand. It is manifest that the opinion of the physician was regarded as of weight; otherwise, it would not have been sought. When the court lays down as a fact that such opinion has but little probative value to show a difference of age of only two years, it seems to me that is the first thing that should be submitted to a board of inquiry, who have to pass upon the weight of such testimony in the first instance. It is my opinion that the evidence offered was pertinent, should have been submitted to the board, and that the studied and deliberate refusal to do so rendered the hearing to that extent unfair.

The demurrer is therefore overruled, and the writ will issue as prayed for, returnable October 23, 1920, at 10 o'clock a. m.

The demurrer to the petition in this case having been overruled, and the writ directed to issue, the respondent has now filed a return, in which he asks that the matter be sent back to the immigration authorities for further proceedings. Just when that should or should not be done is to me not yet clear. In the case of Chin Yow, 208 U. S. 8, 28 Sup. Ct. 201, 52 L. Ed. 369, the Supreme Court held that there was no way so convenient for the court to deal with such matters as a trial of the merits before the judge. In Kwock Jan Fat v. White, 253 U. S. 454, 40 Sup. Ct. 566, 64 L. Ed. 1010, decided by the Supreme Court in June of this year, the court says:

"The practice indicated in Chin Yow v. United States, 208 U. S. 8, is approved and adopted, * * * and the cause is remanded to the District Court for trial of the merits."

In White v. Wong Quen Luck, 243 Fed. 547, 156 C. C. A. 245, the Circuit Court of Appeals for this circuit remanded the cause to this court, with the direction that a discharge theretofore granted should be final only in case the immigration authorities should fail to give the applicant the fair hearing required by law within a reasonable period. Practically the same thing was ordered by that court in the Case of Jeong Quey How, 258 Fed. 618, 170 C. C. A. 72.

In the present case the writ was directed to issue because the court was of the opinion that material and pertinent matters were withheld from the board of special inquiry that was considering applicant's case. The same was true in the Case of Kwock Jan Fat above cited.

Following the latter case, the court will fix a day for a trial of the question involved here on the merits.