ROUSSEAU v. WEEDIN, Commissioner of Immigration.

(Circuit Court of Appeals, Ninth Circuit. November 20, 1922.)

No. 3900.

1. Aliens ⊛⟹54—That alien is in state penitentiary at time of deportation hearing does not imply that hearing was unfair.

That an alien sought to be deported was confined in the state penitentiary at the time of the hearing given him does not imply that the hearing was unfair, where he was advised of his right to counsel, and stated he did not desire an attorney, and was not deprived of full opportunity to present his defense, or produce testimony in his behalf, and, so far as appears, could not have made any defense negativing the charge on which he was ordered deported.

2. Aliens ⊛⟹53—Offense of being "jointist" held to involve moral turpitude.

As respects deportation of an alien, the offense of being a "jointist," defined by Laws Wash. 1917, p. 60, § 11, as one opening up and conducting a place for the unlawful sale of intoxicating liquors, and punishable thereunder as a felony, is an offense involving moral turpitude.

3. Habeas corpus ⊛⟹113(12)—Assignments of error relating to other grounds of deportation than that sustained below need not be considered.

In habeas corpus by an alien held under a warrant of deportation, assignments of error relating to other grounds for deportation mentioned in the warrant than the ground on which the court below held the petitioner subject to deportation need not be considered.

Appeal from the District Court of the United States for the Northern Division of the Western District of Washington; Jeremiah Neterer, Judge.

Habeas corpus by Eli Rousseau against Luther Weedin, as Commissioner of Immigration for the District of Washington. From an order denying the writ, applicant appeals. Affirmed.

Poe & Falknor, of Seattle, Wash., for appellant.

Thomas P. Revelle, U. S. Atty., and John A. Frater, Asst. U. S. Atty., both of Seattle, Wash., for appellee.

Before GILBERT and HUNT, Circuit Judges, and RUDKIN, District Judge.

GILBERT, Circuit Judge. The appellant, an alien, was held by the Commissioner of Immigration on a warrant of deportation. He applied to the court below for a writ of habeas corpus. From the order denying the writ this appeal is taken.

The appellant had been convicted in a court of the state of Washington of the crime of being a "jointist" and sentenced to the state penitentiary to serve at hard labor from one to five years. While he was at large pending his appeal to the Supreme Court of the state, he left the United States and went to Canada. After the affirmance of

his conviction, he returned to the state of Washington, entering at the port of Blaine, and falsely claiming to be a citizen of the United States. A warrant was issued, alleging that the appellant had been found in the United States in violation of the Immigration·Act of February 5, 1917 (Comp. St. §§ 959, 960, 4289¼a–4289¼u), for the reason that he was a person likely to become a public charge at the time of his entry, that he entered without an inspection, and that prior to his entry he had been convicted of a crime involving moral turpitude. A hearing was had while the appellant was confined in the state penitentiary at Walla Walla, Wash. Thereupon a warrant of deportation was issued, reciting, among other grounds of deportation, that the appellant "has been convicted of and admits having committed a felony or other crime or misdemeanor involving a moral turpitude prior to his entry into the United States." It was upon that provision of the warrant that the decision of the court below was based.

[1] The appellant contends that he was deprived of a fair hearing, in that he was confined in the state penitentiary at the time thereof. We can find in that fact no implication that the hearing was unfair. It is true that the appellant was not represented by an attorney, but he was advised of his right to counsel, and repeatedly was asked if he desired an attorney, and always answered in the negative. It is not suggested that he was deprived of full opportunity to present his defense or produce testimony in his behalf, nor does it appear that any defense he could have made could have negatived the charge on which he was ordered to be deported.

[2] A "jointist," under the statute of Washington (Laws of 1917, p. 60, § 11), is one who opens up and conducts a place "for the unlawful sale of intoxicating liquor," and the offense is declared to be a felony punishable by imprisonment of not less than one year or more than five years. The only question before this court is whether or not the crime involves moral turpitude. We think that the court below properly ruled that it does. The name of the crime is itself expressive of the degraded nature of the place at which the unlawful sale of intoxicating liquor is carried on. It suggests a resort of ill repute, and we think it may be affirmed that any one who willfully opens a place for conducting a business which is positively forbidden and made punishable by law as a felony is guilty of an offense which involves moral turpitude.

[3] The assignments of error which direct attention to alleged improper introduction of ex parte affidavits against the appellant may be disregarded, as they refer to other grounds for deportation mentioned in the warrant, and do not affect the ground on which the court below held the appellant subject to deportation.

The judgment is affirmed.