**UNITED STATES ex rel. CICCERELLI (or Ciccarelli) v. CURRAN, Com'r of Immigration.**

(Circuit Court of Appeals, Second Circuit. March 26, 1926.)

No. 330.

1. **Aliens** ⟳54(5)—**Alien convicted of crime involving moral turpitude, committed within five years of his last entry into United States, may be deported, notwithstanding original entry was more than five years before commission of crime; "alien immigrants" (Immigration Act Feb. 5, 1917, § 19 [Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 4289¼jj]).**

Alien convicted of crime involving moral turpitude, committed within five years of his last entry into United States, may be deported, under Immigration Act Feb. 5, 1917, § 19 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 4289¼jj), notwithstanding he originally entered United States more than five years before conviction and prior to enactment of statute; statute being applicable to "alien immigrants," who are aliens previously resident in United States temporarily visiting abroad.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Alien Immigrant.]

2. **Aliens** ⟳39—**Congress has plenary authority over admission of aliens into United States.**

Congress has plenary authority over admission of aliens into United States, and it may exclude them altogether, or prescribe conditions on which they may come into country or remain therein.

3. **Aliens** ⟳54(10)—**Hearing in deportation proceeding held not unfair because conducted in state prison, to which alien had been sentenced for crime involving moral turpitude (Immigration Act Feb. 5, 1917, § 19 [Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 4289¼jj]).**

Hearing in deportation proceeding, under Immigration Act Feb. 5, 1917, § 19 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 4289¼jj), was not unfair because it took place in state prison, to which alien had been sentenced for crime involving moral turpitude, where he was given full opportunity to defend and declined to employ counsel.

4. **Aliens** ⟳54(4)—**Hearing in deportation proceeding may be conducted before one immigration inspector, and need not be before board of special inquiry (Immigration Laws and Rules of July 1, 1925, p. 125 et seq, rule 18, subd. D. par. 1; Immigration Act Feb. 5, 1917, §§ 17, 19 [Comp. St. 1918, Comp. St. Ann. Supp. 1919, §§ 4289¼ii, 4289¼jj]).**

Under Immigration Laws and Rules of July 1, 1925, p. 125 et seq., rule 18, subd. D, par. 1, hearing in proceeding to deport alien convicted of crime involving moral turpitude, under Immigration Act Feb. 5, 1917, § 19 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 4289¼jj), may be conducted before one immigration inspector, and need not be before board of special inquiry; section 17 (section 4289¼ii), and other statutes relating to aliens seeking admission to United States, not being applicable.

5. **Aliens** ⟳54(10)—**Where warrant of arrest in deportation proceeding was addressed to any immigrant inspector in service of United States, hearing before one immigrant inspector was hearing before person "described" in warrant (Immigration Rules, No. 18).**

Where warrant of arrest in deportation proceeding was addressed to Commissioner of Immigration or to any immigrant inspector, the hearing before one immigrant inspector was hearing before person "described" in warrant, within Immigration Rules, No. 18.

Appeal from the District Court of the United States for the Southern District of New York.

Habeas corpus by the United States, on the relation of Arturo (or Arthur) Ciccerelli (or Ciccarelli), against Henry H. Curran, Commissioner of Immigration at the Port of New York. From an order dismissing the writ, relator appeals. Affirmed.

John J. McGinniss, of Brooklyn, N. Y., for appellant.

Emory R. Buckner, U. S. Atty., of New York City (Nathan R. Margold, Asst. U. S. Atty., of New York City, of counsel), for appellee.

Before ROGERS, HOUGH, and MANTON, Circuit Judges.

ROGERS, Circuit Judge. This is an appeal from an order dismissing a writ of habeas corpus sued out by the appellant to test the validity of a warrant of deportation which ordered his return to Italy, the country whence he came to the United States.

The appellant is a native and subject of Italy, having been born at Naples on September 25, 1896. He came to the United States in 1913, and resided here in that year and in 1914. In the year last named he returned to Italy, to serve in the Italian army in the World War. He was discharged from the army of Italy on December 19, 1919, and

returned to the United States, as a reservist, on May 20, 1920, within two years after Armistice Day. He claims to have regarded the United States as his permanent home, that his domicile was here, and that during his absence he always had the intention of returning to the United States.

It appears that on May 24, 1924, he was accused and convicted of a criminal assault with a gun in the County Court of Bronx County, city and state of New York, and was sentenced to imprisonment at Sing Sing for a term of from two to four years. Previous to this, and in 1922, he served a six months' term in the workhouse, to which he was sentenced for disorderly conduct by the Magistrate's Court in Coney Island.

The Secretary of Labor is seeking to deport him under the authority conferred upon him by section 19 of the Immigration Act of February 5, 1917. That section provides:

"That * * * any alien who is hereafter sentenced to imprisonment for a term of one year or more because of conviction in this country of a crime involving moral turpitude, committed within five years after the entry of the alien to the United States, * * * shall, upon the warrant of the Secretary of Labor, be taken into custody and deported. * * *" Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 4289¼jj.

[1] It seems to be admitted that the crime of assault in the second degree is one involving moral turpitude. But it is claimed that the crime for the commission of which it is now sought to deport him affords no ground for his deportation, inasmuch as it was not committed within five years of his original entry into the United States in 1913. The government insists that, inasmuch as the crime was committed within five years of his last entry into the United States, the statute authorizes his deportation. In this last view of the statute we concur. There is nothing in the act which warrants its limitation to the alien's first entry. The statute applies to all aliens entering the United States after its passage, and who commit a crime involving moral turpitude within five years of their entry. At the time of Ciccerelli's first entry in 1913 and his departure in 1914 there was no such statute in force, and the only entry he made into the United States, after the enactment of the statute, was that made on May 12, 1920, and the crime was committed by him within five years after such entry. We think this was all-sufficient.

[2] The authority of Congress over the admission of aliens to the United States is plenary. It may exclude aliens altogether, or may prescribe the terms and conditions upon which they may come into or remain in this country. Chinese Exclusion Case, 9 S. Ct. 623, 130 U. S. 581, 603, 32 L. Ed. 1068; Nishimura Ekiu v. United States, 12 S. Ct. 336, 142 U. S. 651, 659, 35 L. Ed. 1146; Fong Yue Ting v. United States, 13 S. Ct. 1016, 149 U. S. 698, 713, 37 L. Ed. 905; Lem Moon Sing v. United States, 15 S. Ct. 967, 158 U. S. 538, 547, 39 L. Ed. 1082; Lapina v. Williams, 34 S. Ct. 196, 232 U. S. 78, 88, 58 L. Ed. 515; Bugajewitz v. Adams, 33 S. Ct. 607, 228 U. S. 585, 57 L. Ed. 978; Lewis v. Frick, 34 S. Ct. 488, 233 U. S. 291, 58 L. Ed. 967; Ng Fung Ho v. White, 42 S. Ct. 492, 259 U. S. 276, 280, 66 L. Ed. 938.

In the Immigration Acts Congress has sometimes used the term "alien immigrants," and sometimes simply that of "aliens," intending by the former term aliens not previously resident in this country who had temporarily departed with the intention of returning. See Lapina v. Williams, 232 U. S. 78, 86,[1] and cases there cited. But it will be observed that in the legislation now under consideration the term used is "aliens" and not "alien immigrants." We have no question but that the intention of Congress was to make the provision of section 19 of the Act of February 5, 1917, applicable to all aliens, including alien immigrants. Neither do we doubt that if an alien, who entered this country and remained here for a time prior to the enactment of this statute, then left the United States and after an absence of a considerable period again entered it, and thereafter committed a crime involving moral turpitude within five years of his second entry, he may be deported in accordance with the provisions of the statute, although more than five years had elapsed from his first entry. Such a person is, in the opinion of Congress, an undesirable, and has no legal right to remain in the United States.

[3] After the conviction and sentence of Ciccerelli on May 29, 1924, of a crime involving moral turpitude, the matter was brought to the attention of the immigration authorities, with a view to his deportation. A warrant of arrest was issued, and a formal hearing under the warrant was accorded to him at Sing Sing Prison, at Ossining, New York, on June 5, 1925. After such hearing, and upon the proofs submitted at the hearing, the Second Assistant Secretary of Labor issued on July 15, 1925, his warrant for the deportation of the alien to Italy. It is claimed that this was not a fair hearing, inasmuch as it

[1] 34 S. Ct. 196, 58 L. Ed. 515.

took place within the prison. At the time of the hearing he was informed that he was entitled to be represented by counsel at his own expense, if he so desired. He, however, replied that he did not wish to engage a lawyer, and that he was ready to have the hearing proceed. There is no merit whatever in the suggestion that, because this hearing took place in the prison, it was not fair. He had every opportunity to present any testimony he had or could obtain. He had full opportunity to make his defense, as much so as if the hearing had taken place in open court. Rousseau v. Weedin (C. C. A.) 284 F. 565.

[4] The objection is equally untenable that the hearing took place before a single inspector. It is claimed that such a hearing before one inspector is a violation of the statute, which provides:

"(a) That 'aliens arriving at ports of the United States shall be examined by at least two inspectors,' and again, in the same section, that 'the examinations of aliens arrested within the United States shall be examined by immigrant inspectors' (not inspector), 'except as is hereafter provided by boards of special inquiry.'

"(b) That rules and regulations made by the Commissioner General of Immigration shall not be inconsistent with the law, which provides for hearings before boards of special inquiry or at least two inspectors."

And our attention is called to section 17 of the Immigration Act, which provides:

"That boards of special inquiry shall be appointed by the Commissioner of Immigration or inspector in charge at the various ports of arrival as may be necessary for the prompt determination of all cases of immigrants detained at such ports under the provisions of the law. Each board shall consist of three members, who shall be selected from such of the immigrant officials in the service as the Commissioner General of Immigration, with the approval of the Secretary of Labor, shall from time to time designate as qualified to serve on such boards." Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 4289¼ii.

The hearing granted Ciccerelli was in its procedural features similar to the many other hearings granted in deportation proceedings. Counsel has confused examinations before boards of special inquiry, required only in cases of aliens who seek admission into this country, with examinations of aliens who are in the country and whom the Department of Labor is seeking to deport. Hearings in the latter class of cases need not be before boards of special inquiry, nor before more than one inspector.

The procedure to be followed in deportation cases is specifically set forth in immigration rule No. 18. See Immigration Laws and Rules of July 1, 1925, p. 125 et seq. Paragraph 1 of subdivision D of this rule provides:

"Upon receipt of a telegraphic or formal warrant of arrest the alien shall be taken before the person or persons therein named or described and granted a hearing to enable him to show cause, if any there be, why he should not be deported."

[5] The warrant of arrest was addressed "To Commissioner of Immigration, Ellis Island, N. Y., or to any Immigrant Inspector in the Service of the United States." The hearing was conducted by an immigrant inspector in the service of the United States. Obviously he was "described" in the warrant of arrest, and the hearing conducted by him adequately complied with the requirements of rule 18, supra, that the alien shall be granted a hearing before the person "named or described" in the warrant of arrest.

Order dismissing the writ is affirmed.