## UNITED STATES ex rel. MAZZILLO v. DAY, Commissioner of Immigration.

(District Court, S. D. New York. August 3, 1926.)

Aliens ⬚53.

Alien's assault, while intoxicated, on taxicab driver, who was forced to abandon his car, which was then operated by alien and his companions, *held* to involve "moral turpitude," justifying deportation, notwithstanding his intoxication.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Moral Turpitude.]

Habeas Corpus. Proceeding by the United States, on the relation of Pietro Mazzillo, against Benjamin M. Day, Commissioner of Immigration, Port of New York. Writ dismissed.

John M. Lyons, of New York City, for relator.

Emory R. Buckner, U. S. Atty., of New York City (Alvin McKinley Sylvester, Asst. U. S. Atty., of New York City, of counsel), for respondent.

KNOX, District Judge. The relator, upon a plea of guilty to the offense of assault in the second degree, was sentenced to imprisonment for one year or more, within five years after he arrived here as an immigrant. The government seeks his deportation upon the ground that the offense upon which he was imprisoned is one involving moral turpitude. That it may fairly be said to be of that nature is denied by relator.

In my opinion, the deportation of the alien is justified. It appears that on the evening of April 23, 1925, he attended a party in company with a number of friends. While there he drank considerable liquor and became intoxicated. After leaving the place of entertainment, the relator, with two or three of his friends, hailed a taxicab. They then were overcome with the desire to operate it themselves, and to dispense with the presence of the driver. In order to accomplish the latter purpose, the relator and perhaps one of his associates assaulted the driver of the cab, who, for safety, was forced to abandon his car. In the mêlée, the taxi driver received a cut in the neck. The relator, in company with his companions, proceeded to drive about Brooklyn. Some time afterwards they were arrested by the police and arraigned in a Magistrate's Court. Thereafter relator's plea of guilty and his sentence to imprisonment took place in the County Court of Kings county.

Relator says he has no recollection of the occurrences subsequent to the party, and that any of his acts, to which exception may be taken, should be attributed, not to conscious purpose, but to his intoxication. His drunkenness, I think, cannot be taken as an excuse, and, while he is but 22 years of age, his acts, while intoxicated, cannot be regarded as those of a playful and high-spirited young man. What he did evinces a disregard of the personal and property rights of others that brings his offense within the condemnation of the statute. Assaults committed with the intention of ousting persons from the possession of their property, to the end that the usurper may use the same for his own enjoyment, and to the danger of the community, cross the boundary separating crimes of moral obloquy from those of lower grade.

The writ is dismissed.