## EXEDAHTELOS v. FLUCKEY, Immigration Inspector.
### No. 5911.

Circuit Court of Appeals, Sixth Circuit.
Dec. 30, 1931.

E. S. Wertz, of Cleveland, Ohio, for petitioner.

J. B. Osmun, of Cleveland, Ohio (W. J. Mahon, of Cleveland, Ohio, on the brief), for respondent.

Before DENISON, HICKS, and HICKENLOOPER, Circuit Judges.

HICKENLOOPER, Circuit Judge.

Exedahtelos was held for deportation upon a warrant charging that he had been "found managing a house of prostitution, or * * * connected with the management of a house of prostitution." He thereupon instituted habeas corpus proceedings, basing his claim to the writ upon assertions that he had been denied a fair hearing before the immigration inspector, and that the evidence of his guilt there produced was wholly insufficient in quality and amount to sustain the charge. Both contentions were sustained by the District Court, but the alien was retained in custody, and, following a practice adopted in the Eighth and some cases from the Ninth Circuits,[1] a trial de novo was ordered in the District Court upon the merits of the charge contained in the warrant. The petitioner appeals from an order of the court below denying and dismissing his petition for a writ of habeas corpus after the further hearing referred to, and, necessarily, upon a finding that the additional evidence presented at such hearing established petitioner's guilt of the charge against him.

Much of the evidence upon this subsequent or supplementary hearing in the District Court was of doubtful admissibility and questionable probative effect upon the single issue of fact upon which it was offered. There was much to create suspicion; there was very little of direct and persuasive proof. But we do not think that the federal courts should be called upon to determine such fact issues in habeas corpus proceedings. Doubtless the District Court may always hear new evidence upon the merits of the charge contained in the warrant when it is apparent that the petitioner has been denied a fair hearing before the immigration inspector; but this is in aid of the court in the exercise of its discretionary power either to discharge the petitioner absolutely or to enter the conditional order hereafter mentioned. "Congress may properly devolve a proceeding to enforce regulations under which aliens are permitted to remain within the United States upon an executive department." Zakonaite v. Wolf, 226 U. S. 272, 33 S. Ct. 31, 57 L. Ed. 218. The courts may interfere (where citizenship is not claimed) only where there has been a denial of a fair hearing, or the finding was not supported by evidence, or there was an application of an erroneous rule of law. Ng Fung Ho v. White, 259 U. S. 276, 284, 42 S. Ct. 492, 66 L. Ed. 938. Where, as here, the proceeding is wholly executive in its nature, constitutional courts should not assume jurisdiction to decide the fact issues. Cf. Federal Radio Commission v. General

[1] Whitfield v. Hanges, 222 F. 745 (C. C. A. 8); Jouras v. Allen, 222 F. 756 (C. C. A. 8); Ungar v. Seaman, 4 F.(2d) 80, 85 (C. C. A. 8); Svarney v. U. S., 7 F.(2d) 515 (C. C. A. 8); Mouratis v. Nagle, 24 F.(2d) 799 (C. C. A. 9); Ex parte Fierstein, 41 F.(2d) 53 (C. C. A. 9). But see Wong Hai Sing v. Nagle, 47 F.(2d) 1021 (C. C. A. 9).

Electric Co., 281 U. S. 464, 469, 50 S. Ct. 389, 74 L. Ed. 969.

Where a question of citizenship is involved, the case obviously stands upon a different foundation. Alienage is essential to jurisdiction by the department (Bilokumsky v. Tod, 263 U. S. 149, 44 S. Ct. 54, 68 L. Ed. 221), and it is now definitely established that jurisdiction of the federal courts to determine this question of status may be invoked in habeas corpus proceedings. (Chin Yow v. United States, 208 U. S. 8, 28 S. Ct. 201, 52 L. Ed. 369; Kwock Jan Fat v. White, 253 U. S. 454, 40 S. Ct. 566, 64 L. Ed. 1010; Ng Fung Ho v. White, supra; In re Chan Foo Lin, 243 F. 137 [C. C. A. 6]; In re Can Pon, 168 F. 479 [C. C. A. 9]). In the absence of such question of citizenship, the proper procedure, we think, is indicated by our decision in Gonzales v. Zurbrick, 45 F. (2d) 934. Compare, also, Tod v. Waldman, 266 U. S. 113, 119, 45 S. Ct. 85, 69 L. Ed. 195; United States v. Petkos, 214 F. 978 (C. C. A. 1); Billings v. Sitner, 228 F. 315 (C. C. A. 1); White v. Wong Quen Luck, 243 F. 547 (C. C. A. 9); Wong Hai Sing v. Nagle, in note supra.

It follows that upon the initial decision that the petitioner had been denied a fair hearing (and subject to the right of the court to make inquiry in aid of its choice between the two courses) he should have been discharged from custody or a conditional order of discharge should have been entered to be effective only in case the immigration officers should fail to give the alien the fair hearing on lawful evidence which is contemplated by the Immigration Act within a reasonable time, say within thirty or sixty days.

The decree of the District Court is reversed, and the cause is remanded for further proceedings consistent with this opinion.