**UNITED STATES ex rel. ZAFFARANO v. CORSI, Commissioner of Immigration.**

**No. 308.**

Circuit Court of Appeals, Second Circuit.
March 13, 1933.

Rehearing Denied March 30, 1933.

John B. Coppola, of New York City, for appellant.

George Z. Medalie, U. S. Atty., of New York City (William Jay Hoff, Asst. U. S. Atty., of New York City, of counsel), for appellee.

Before L. HAND, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

SWAN, Circuit Judge.

The relator is an alien of Italian nationality who entered the United States as a very young child nearly thirty years ago and has remained here ever since. He is held for deportation under section 19 of the Immigration Act of 1917 (8 USCA § 155) on the charge of having been twice convicted of a crime involving moral turpitude and sentenced on each conviction to imprisonment for a term of more than one year. One conviction, in 1927, was for the crime of attempted forgery; the other, in 1928, for assault in the second degree under N. Y. Penal Law (Consol. Laws, c. 40) § 242. For the latter offense, the relator received the maximum sentence, imprisonment for five years. Upon this appeal the only error urged is refusal to sustain the writ upon the ground that second degree assault does not necessarily involve moral turpitude.

We have heretofore held that, in determining whether the crime of which an alien stands convicted is one "involving moral turpitude," neither the immigration officials nor

the courts sitting in review of their action may go beyond the record of conviction. United States ex rel. Meyer v. Day (C. C. A.) 54 F.(2d) 336, 337; United States ex rel. Robinson v. Day (C. C. A.) 51 F.(2d) 1022, and cases there cited. They must look only to the inherent nature of the crime or to the facts charged in the indictment upon which the alien was convicted, to find the moral turpitude requisite for deportation for this cause. In the case at bar the indictment is not in the record. Proof of the alien's conviction and sentence was made by his admissions at the hearing before the immigrant inspector and by a certificate of the clerk of Bronx County Court to the effect that the relator was indicted, tried, and found guilty of "the crime of assault in the second degree," and sentenced to state prison for a period of five years. Hence the order of deportation can be supported only if moral turpitude is inherent in second degree assault.

■ It has frequently been said that a mere assault does not involve moral turpitude. See United States ex rel. Valenti v. Karmuth, 1 F.Supp. 370, 376 (D. C., N. D. N. Y.); Ciambelli ex rel. Maranci v. Johnson, 12 F.(2d) 465 (D. C. Mass.); United States ex rel. Griffo v. McCandless, 28 F.(2d) 287, 288 (D. C., E. D. Pa.); Ex parte George, 180 F. 785, 786 (D. C., N. D. Ala.). In New York there are first, second, and third degree assaults. Section 242, N. Y. Penal Law, defines assaults of the second degree in five subdivisions. Many of the crimes so defined plainly involve moral turpitude. It is conceded that assault with a dangerous weapon would be of this character. See United States ex rel. Ciccerelli v. Curran, 12 F.(2d) 394 (C. C. A. 2); Weedin v. Tayokichi Yamada, 4 F.(2d) 455, 457 (C. C. A. 9); United States ex rel. Morlacci v. Smith, 8 F.(2d) 663 (D. C., W. D. N. Y.). Cf. United States ex rel. Mazzillo v. Day, 15 F.(2d) 391 (D. C., S. D. N. Y.). But this is not true of all assaults included within the section. Subdivision 5 makes guilty of second degree assault one who "assaults another with intent to commit a felony, or to prevent or resist the execution of any lawful process or mandate of any court or officer, or the lawful apprehension or detention of himself, or of any other person."

■ Under this provision a man may be convicted for putting forth the mildest form of intentional resistance against an officer attempting to serve lawful process, levy an execution on goods, or apprehend or detain the accused or another. See People v. Barber, 74 Hun, 368, 26 N. Y. S. 417; People v. Cooper (1884) 3 N. Y. Cr. R. 117. Such conduct, though usually meriting punishment more severe than that prescribed for a simple assault upon a private person not acting in an official capacity, does not necessarily denote moral depravity in our opinion. Cf. Ciambelli ex rel. Maranci v. Johnson, 12 F. (2d) 465, 466 (D. C. Mass.). Since the indictment was not before the immigration officials, they knew nothing as to the specific charge upon which the relator was convicted. It may have involved moral turpitude, or it may not. The gravity of the punishment is not controlling. See United States ex rel. Mongiovi v. Karnuth, 30 F.(2d) 825 (D. C., W. D. N. Y.). The fact that the relator was a second offender, or the particular circumstances under which he acted, may have affected the punishment meted out. But this is not important; the crime committed must itself involve moral turpitude. Hence we think the record is insufficient to support the action of the immigration officials in ordering deportation.

■ It is quite possible, however, that, if the indictment had been before them, it would have disclosed that the crime of which the relator was convicted did involve moral turpitude. The court has power to dispose of the relator as law and justice may require. 28 USCA § 461. Instead of ordering his immediate discharge, it may make his release conditional upon the failure of the immigration authorities to grant a fair hearing within a reasonable time. Tod v. Waldman, 266 U. S. 113, 118, 45 S. Ct. 85, 69 L. Ed. 195; Exedahtelos v. Fluckey, 54 F.(2d) 858 (C. C. A. 6); Gonzales v. Zurbrick, 45 F.(2d) 934 (C. C. A. 6); Dean v. United States, 30 F.(2d) 523 (C. C. A. 8); White v. Wong Quen Luck, 243 F. 547 (C. C. A. 8); United States v. Petkos, 214 F. 978 (C. C. A. 1). In the case at bar such an order is better calculated to carry out the legislative policy of the deportation statute than would an unconditional release. Unless the relator is accorded a fair hearing upon lawful evidence (which in this case means a copy of the indictment) within a reasonable time, say thirty days, he should be discharged.

The order is reversed, and the cause remanded for further proceedings in conformity with this opinion.

On Petition for Rehearing.

PER CURIAM.

The relator urges that, in remanding the cause for a further hearing by the immigration authorities, our decision is inconsistent

with the prior opinion of this court in United States ex rel. Robinson v. Day, 51 F.(2d) 1022. It was there said that the particular circumstances under which the crime was committed may not be considered, and that, "when by its definition it does not necessarily involve moral turpitude, the alien cannot be deported because in the particular instance his conduct was immoral." This language means that neither the immigration officials nor the court reviewing their decision may go outside the record of conviction to determine whether in the particular instance the alien's conduct was immoral. And by the record of conviction we mean the charge (indictment), plea, verdict, and sentence. The evidence upon which the verdict was rendered may not be considered, nor may the guilt of the defendant be contradicted. So construed there is no inconsistency between that opinion and this; and such is plainly the correct construction, because it is the specific criminal charge of which the alien is found guilty and for which he is sentenced that conditions his deportation, provided it involves moral turpitude. Obviously it must be quite immaterial that some other charge not involving moral turpitude may be called by the same generic name, as, for example, assault in the second degree. If an indictment contains several counts, one charging a crime involving moral turpitude and others not, the record of conviction would, of course, have to show conviction and sentence on the first count to justify deportation.

The petition for rehearing is denied.