### UNITED STATES ex rel. PELLEGRINO v. KARNUTH, District Director, Immigration and Naturalization Service.

### No. 2198–A.

District Court, W. D. New York.
May 11, 1938.

assault for which he was sentenced to pay a fine of $250. The fine was paid. In 1933, after securing a re-entry permit, he returned to Italy, and again came to the United States on August 16, 1933.

This proceeding comes before this court upon a Writ of Habeas Corpus sued out by the relator.

Section 19 of the Immigration Act of February 5, 1917 (U.S.C.A. Title 8, Sec. 155), reads: "* * * any alien who was convicted, * * * prior to entry, of a felony or other crime or misdemeanor involving moral turpitude * * * shall * * be taken into custody and deported. * * The provision of this section, * * * shall be applicable to the classes of aliens therein mentioned irrespective of the time of their entry into the United States * * *."

These questions are involved: First— was the "re-entry" an entry within the meaning of the Act of February 5, 1917 (U.S.C.A. Title 8, Sec. 155)? Second— does section 19, supra, include crimes committed in this country prior to re-entry? Third—is the crime aforesaid one involving moral turpitude?

"Entry", as used in the statute, includes any coming into this country of an alien from a foreign country, whether it be a re-entry upon a permit or otherwise. U. S. ex rel. Volpe v. Smith, 289 U.S. 422, 53 S.Ct. 665, 77 L.Ed. 1298; U. S. ex rel. Patricola v. Karnuth, D.C., 9 F.Supp. 961; Jackson v. Zurbrick, 6 Cir., 59 F.2d 937; U. S. ex rel. Kowalenski v. Flynn, D.C., 17 F.2d 524; U. S. ex rel. Carella v. Karnuth, D.C., 2 F.Supp. 998.

The law is now settled that an alien can be deported on account of a crime committed within the United States before his last entry. U. S. ex rel. Volpe v. Smith, supra. The facts in that case are comparable except that there the alien re-entered without a permit. See, also, U. S. ex rel. Fracassi v. Karnuth, 19 F.Supp. 581, decided by this Court, and U. S. ex rel. Karpay v. Uhl, 2 Cir., 70 F.2d 792.

The fact that the re-entry was upon a permit does not exempt relator "from compliance with the requirements of the immigration law and regulations for admission * * * , the only effect of such a permit was to show that the alien was returning from a temporary visit abroad." U. S. ex rel. Matterazza v. Fogarty, D.C., 13 F.Supp. 403, 404; Ex parte Di Ste-

Peter J. Naples and John J. Carogana, of Buffalo, N. Y., for petitioner.

George L. Grobe, U. S. Atty., and R. Norman Kirchgraber, Asst. U. S. Atty., both of Buffalo, N. Y., for respondent.

KNIGHT, District Judge.

The relator, born in Italy, arrived in the United States on June 5, 1914, under an immigration visa and paid a direct head tax. He resided in Jamestown, N. Y., and was married in 1917. On July 16, 1920, in the County Court of Cattaraugus County, N. Y., he pleaded guilty to the charge of

# 690

phano, D.C., 25 F.2d 902; Lewis v. Frick, 233 U.S. 291, 34 S.Ct. 488, 58 L.Ed. 967; U. S. ex rel. Claussen v. Day, 279 U.S. 398, 49 S.Ct. 354, 73 L.Ed. 758; U. S. ex rel. Volpe v. Smith, supra.

■ Acquiring a domicile in the United States did not exempt relator from the requirements of the Immigration Law upon his re-entry. Lapina v. Williams, 232 U.S. 78, 34 S.Ct. 196, 58 L.Ed. 515; Lewis v. Frick, supra; Ex parte Petterson, D.C., 166 F. 536; U. S. ex rel. Dombrowski v. Karnuth, D.C., 19 F.Supp. 222.

■ The five year limitation period for proceedings for deportation, as provided in Sec. 155 supra, has no application here. Lauria v. U. S., 2 Cir., 271 F. 261, certiorari denied 257 U.S. 635, 42 S.Ct. 48, 66 L.Ed. 408; U. S. ex rel. Azzarello v. Kessler, 5 Cir., 88 F.2d 301; Weedin v. Tayokichi Yamada, 9 Cir., 4 F.2d 455.

■ Admittedly the aforesaid assault charge is based upon the firing of a shot which inflicted a wound upon another. Such assault constitutes a crime involving moral turpitude. U. S. ex rel. Morlacci v. Smith, D.C., 8 F.2d 663; U. S. ex rel. Zaffarano v. Corsi, 2 Cir., 63 F.2d 757; U. S. ex rel. Ciccerelli v. Curran, 2 Cir., 12 F.2d 394; U. S. ex rel. Mazzillo v. Day, D.C., 15 F.2d 391; U.S. ex rel. Shladzien v. Warden of Eastern State Penitentiary, D.C., 45 F.2d 204.

■ In relator's brief certain statements are made relative to alleged acts leading up to the commission of the crime charged. It is well settled that this court cannot go beyond the record, and such record is the indictment and judgment of conviction. Vide U. S. ex rel. Zaffarano v. Corsi, supra; also U. S. ex rel. Robinson v. Day, 2 Cir., 51 F.2d 1022.

On the points above made, relator cites numerous cases in support of his contention. Study of these discloses that all are either cases in the lower courts not sustained by higher court decisions, cases in which the facts are not comparable with those in the instant case, or cases in which there is certain obiter dicta which would appear to favor relator's position. It seems, however, that the law is so well settled on these various points that it is unnecessary to specify with particularity the immateriality of relator's authorities.

The Writ is directed to be dismissed, and the relator remanded to custody.