### Petition of KNIGHT.

United States District Court,
S. D. New York.
July 22, 1954.

---

Arthur Everett Knight in pro. per.

John C. Barnwell, Examiner for Immigration and Naturalization Service in opposition to petition.

DAWSON, District Judge.

The above petitioner, a native and national of Canada, aged 26, who has resided continuously in the United States since his lawful admission for permanent residence on April 12, 1930, when he was two years old, has filed a petition for naturalization. The question presented is whether the petitioner has established that he is, and has been, a person of good moral character during the statutory period required by law, i. e., from September 29, 1944 to date.

The Naturalization Examiner has found that on April 29, 1949, petitioner pleaded, and was found, guilty of the crime of unlawful entry, for which he received a suspended sentence, plus one year's probation, and that the crime of unlawful entry is a misdemeanor in the State of New York. The Examiner, therefore, concluded that petitioner has failed to establish that he has been a person of good moral character during the statutory period, and recommended that the petition for naturalization be denied.

The file discloses that petitioner was charged with the crime of burglary, third degree, in that, acting in concert with others, and while under the influence of liquor, he entered a certain store and stole certain articles. On April 29, 1949, the charge was reduced to unlawful entry, a misdemeanor, to which charge petitioner pleaded guilty. The record discloses that petitioner made an excellent record while on probation, and that a character investigation conducted by the Naturalization and Immigration Service failed to disclose anything of a derogatory nature other than the foregoing pertaining to the petitioner.

The statute provides that a person can be naturalized only if he can establish that, during the period from the time of filing the petition, he has been a person "of good moral character," 8 U.S.C.A. § 1427(a). No person can be regarded as a person of good moral character who, during the period, was "convicted of a crime involving moral turpitude", 8 U.S.C.A. § 1101(f), 8 U.S.C.A. § 1182(a)(9). The question, therefore, is: Does a conviction for unlawful entry constitute a conviction of a crime involving moral turpitude? This can only be determined by a consideration of the contents of the indictment, plea, verdict, and sentence. United States ex rel. Zaffarano v. Corsi, 2 Cir., 1933, 63 F.2d 757.

Judge Learned Hand has pointed out that entering a building to commit a crime is a misdemeanor, as is also any "intrusion" upon a city lot or a forcible entry anywhere; but he concluded:

"Such crimes by no means 'inherently' involve immoral conduct; boys frequently force their way into buildings out of curiosity, or a love of mischief, intending no more than to do what they know is forbidden. Such conduct is no more than a youthful prank, to which most high-spirited boys are more or less prone; * * *." United States ex rel. Guarino v. Uhl, 2 Cir., 1939, 107 F.2d 399.

In the Matter of G———, decided by the Board of Immigration Appeals on

January 1, 1943, 1 Dec.Imm. and Nat. Laws, 403, the Board held that conviction in the State of New York for the crime of unlawful entry did not constitute a conviction of a crime involving moral turpitude.

Upon an examination of the file in this case indicating that the petitioner has been a person of good moral character throughout his entire life in the United States since the age of two years, except for the one episode to which reference has been made, and in view of the decisions holding that a conviction of unlawful entry by itself does not establish that the person has been guilty of a crime involving moral turpitude, I am of the belief that the conclusion of law of the Naturalization Examiner is wrong.

The petition for naturalization is approved.