Donald Wayne LAWRENCE, a/k/a Jimmy Ray Henson, Plaintiff,

v.

UNITED STATES of America, Defendant.

No. 77–2495.

United States District Court, W. D. Tennessee, W. D.

Nov. 16, 1977.

Donald Wayne Lawrence, pro se.

Daniel A. Clancy, Asst. U. S. Atty., Memphis, Tenn., for defendant.

### ORDER

WELLFORD, District Judge.

Plaintiff seeks by this action to have the Court order his deportation to Canada, effective upon his release from his present confinement at the Federal Correctional Institution at Texarkana, Texas. Defendant moved to dismiss the petition on the basis that the United States Immigration and Naturalization Service was in the process of processing plaintiff's request for deportation. This Court granted defendant's motion, but plaintiff has filed additional pleadings which the Court will treat as a motion to reconsider its previous Order dismissing the action.

8 U.S.C. § 1252(b) provides an administrative procedure for the determination of which persons are subject to deportation. The decision-making power is vested by that statute in the Attorney General of the United States, not in the federal judiciary. A recent decision indicates that federal courts are without power to, *sua sponte,* order deportation. *United States v. Castillo-Burgos,* 501 F.2d 217 (9th Cir.), *cert. den.* 419 U.S. 1010, 95 S.Ct. 330, 42 L.Ed.2d 284 (1974).

The Court is aware both from plaintiff's own pleadings and from a letter attached to defendant's motion to dismiss, that the Immigration and Naturalization Service is currently investigating plaintiff's case to determine if plaintiff is amenable to deportation. A decision of the Sixth Circuit Court of Appeals indicates that federal courts have no regulatory power to act while administrative deportation proceedings are in progress. *Exedahtelos v. Fluckey,* 54 F.2d 858 (6th Cir. 1931).

It is therefore ORDERED that plaintiff's motion to reconsider this Court's Order in the case is hereby denied.