DANIEL S. PEARSON, Judge,
concurring specially.
In reliance on Edwards v. State, 393 So.2d 597 (Fla. 3d DCA 1981), Luis Alberto Lopez moved to withdraw his guilty plea because his counsel allegedly failed to inform him that the plea might subject him to being deported. The trial court denied the motion on the ground that Lopez’s plea did not subject him to deportation, and thus Edwards was inapplicable. Although the rule of Edwards has now been abrogated and the Florida Supreme Court has now authoritatively declared that the “failure to advise [a] client of the collateral consequence of deportation does not constitute ineffective assistance of counsel,” State v. Ginebra, 511 So.2d 960,——(Fla. 1987),[1] I write separately to note that I would have affirmed the trial court’s ruling even under Edwards.
In 1984, Lopez pleaded guilty to an aggravated battery charge pursuant to a plea agreement. In accordance with the agreement, the trial court withheld adjudication and placed Lopez on probation. In 1986, Lopez, charged with violating his probation, moved to withdraw his guilty plea to the aggravated battery charge. The trial court denied the motion, adjudicated Lopez guilty, and sentenced him to seven years’ incarceration. In my view, the trial court correctly concluded that it was not Lopez’s guilty plea, but rather his subsequent probation revocation and sentence of confinement, which subjected him to deportation proceedings.
The answer to the question of whether an alien is subject to deportation is not found by assuming parochially that the disposition and sentencing option chosen by a state court — here, withholding of adjudication and a term of probation — controls. Instead, because it is within the power of the federal government, not individual states, to deport, one must look to federal law for the answer. As will be seen, the answer is not a simple one.
Under federal law, an alien is subject to deportation if he “is convicted of a crime *1335 involving moral turpitude[2] committed within five years after entry and either sentenced to confinement or confined therefor in a prison or corrective institution, for a year or more_” 8 U.S.C. § 1251(a)(4) (1982 & Supp. I 1983).[3] At first blush, it would appear that Lopez, placed on probation without the entry of a formal judgment of conviction,[4] was neither convicted nor sentenced so as to come within the ambit of the federal deportation statute. However, despite Florida’s laudable intent in authorizing courts of this state to withhold adjudication of criminal defendants and thereby allow worthy defendants to avoid the onerous consequences of a conviction, see Thomas v. State, 356 So.2d 846 (Fla. 4th DCA 1978), the definition of “conviction” for deportation purposes is a federal, not a state, question.[5] Morales-Alvarado v. INS, 655 F.2d 172 (9th Cir.1981); Will v. INS, 447 F.2d 529 (7th Cir.1971). Thus, “[n]either the name by which a state chooses to refer to a particular disposition nor the deportation consequences that a state might wish to assign is necessarily determinative of whether a defendant has been ‘convicted’ ” for deportation purposes. Rehman v. INS, 544 F.2d 71, 73 (2d Cir.1976).
Although a state’s classification of the outcome of a criminal proceeding is not determinative of the defendant’s deporta-bility, the federal deportation statute is triggered by state criminal sanctions, and thus federal courts take into account, to some extent, the effect of state statutes when determining the existence vel non of a conviction. See, e.g., Rehman v. INS, 544 F.2d 71; Kolios v. INS, 532 F.2d 786 (1st Cir.1976); Burr v. INS, 350 F.2d 87 (9th Cir.1965); Garcia-Gonzales v. INS, 344 F.2d 804 (9th Cir.1965). While no federal court has considered Florida’s procedure for withholding adjudication as it bears upon the issue of an alien’s deporta-bility, a plea of guilty resulting in a withholding of adjudication has, in other contexts, been found to be a conviction.[6] In United States v. Hartsfield, 387 F.Supp. 16 *1336 (M.D.Fla.1975), the defendant was charged with knowingly making a false statement in connection with the purchase of a gun by declaring that he was not then under indictment or information — in essence, that no open criminal charges were pending against him. Whether this answer constituted a false statement turned on whether Hartsfield’s earlier plea of guilty in a Florida court resulting in a withholding of adjudication constituted a conviction under Florida law, thus closing the Florida charge. Concluding that conviction, as distinguished from judgment of conviction, had occurred when Hartsfield entered his plea of guilty, and thus that Hartsfield’s statement that no charges were pending against him was true, the court dismissed the false statement case. See also United States v. Cook, 10 M.J. 138 (C.M.A.1981) (plea of guilty resulting in withholding of adjudication in Florida court constitutes conviction and is properly included as such in airman’s “Unfavorable Information File”).
Relying upon Hartsfield, the Board of Immigration Appeals in Matter of Zang-will, 15 I. & N. Dec. 22 (BIA 1981), concluded that an alien had been “convicted” when he pleaded guilty, despite the Florida court’s withholding of adjudication, and was thus statutorily ineligible for voluntary departure under the immigration laws. According to the Board, its criteria for determining that a “conviction” has occurred for immigration purposes are
“(1) there has been a judicial finding of guilt, (2) the court takes action which removes the case from the category of those which are (actually or in theory) pending for consideration by the court— the court orders the defendant fined or incarcerated, or the court suspends sentence, (3) the action of the court is considered a conviction by the state for at least some purpose.”
Matter ofZangmll, 151. & N. Dec. at 26 n. 3 (emphasis in original).
Clearly, the first two criteria are met when a Florida court finds the defendant guilty, withholds adjudication, and places the defendant on probation. The third criterion is also satisfied because, as I have noted, see supra note 5, a plea of guilty without adjudication of guilt is considered a conviction in Florida for the purposes of determining the applicability of the statute of limitations and the right to bail.
Convinced that the defendant was convicted within the meaning of the federal deportation statute when he pleaded guilty to aggravated battery, I now turn to the question of whether the order placing him on probation satisfies the deportation statute’s command that the alien be “sentenced to confinement.” I conclude that it does not.
In Velez-Lozano v. INS, 463 F.2d 1305 (D.C.Cir.1972), the alien was convicted in state court upon his plea of guilty to a crime of moral turpitude. He was sentenced to a term of imprisonment, the execution of his sentence was suspended, and he was placed on probation. Affirming the Service’s order of deportation, the court stated that “[t]he essential element with reference to the [deportation statute] is the imposition of sentence rather than the actual serving of sentence,” id. at 1307. Thus, notwithstanding that the alien had never been confined, he had, in the court’s view, been “sentenced” within the meaning of the deportation statute. See also Okoroha v. INS, 715 F.2d 380 (8th Cir.1983) (where sentence imposed and execution suspended, defendant has received “sentence of confinement” within the meaning of deportation statute); Matter of M, 6 I. & N. Dec. 346 (BIA 1954) (same).
In contrast, however, where sentence is not imposed, but instead the imposition of sentence rather than its execution is suspended, the statutory requirement of a “sentence of confinement” is not satisfied. Matter of De La Cruz, 15 I. & N. Dec. 616 (BIA 1976); Matter of V, 7 I. & N. Dec. 577 (BIA 1957). Indeed, as was recognized in De La Cruz, where the imposition of sentence has been suspended, the sentencing *1337 court is free, upon revocation of the defendant’s probation, to impose any lawful sentence of confinement, including a sentence of confinement of less than one year, a sentence which would remove the alien from the scope of the federal deportation statute.
In the present case, the authority for placing Lopez on probation is found in Section 948.01(3), Florida Statutes (1983), which gives the sentencing court the discretion to place a defendant on probation (with or without an adjudication of guilt), but requires, in the plainest language, that, if probation is chosen as the appropriate disposition, the court “stay and withhold the imposition of sentence.”[7] It appears, then, that because no valid order of probation in Florida can be entered unless the imposition of a sentence of confinement is stayed and withheld, a Florida probationer, as Lopez, is not subject to deportation until and unless his probation is revoked and a sentence of confinement for a year or more is then imposed.

. Ginebra was decided after the parties filed their briefs on this appeal.

. Lopez pleaded guilty to a charge of aggravated battery with a deadly weapon, a knife, a violation of Section 784.045(l)(b), Florida Statutes (1983). Aggravated battery is a "crime of moral turpitude" for deportation purposes, see Weedin v. Yamada, 4 F.2d 455 (9th Cir.1925); United States ex rel. Mazzillo v. Day, 15 F.2d 391 (S.D.N. Y.1926); but see United States ex rel. Griffo v. McCandless, 28 F.2d 287 (E.D.Pa.1928).

. An alien "who at any time after entry is convicted of two crimes involving moral turpitude, not arising out of a single scheme of criminal misconduct,” 8 U.S.C. § 1251(a)(4), or "who at any time has been convicted of a violation of, or a conspiracy to violate any law or regulation relating to the illicit possession of or traffic in narcotic drugs or marijuana,” 8 U.S.C. § 1251(a)(ll), is subject to deportation regardless of whether he has been sentenced to confinement or confined therefor. However, in the present case, because it involves a first moral turpitude, non-narcotic offense, the questions of whether a withholding of adjudication is a conviction and whether an order suspending imposition of sentence and placing Lopez on probation is a sentence of confinement must both be answered.

. Under Florida law, a trial court has the discretion to place a defendant found guilty after plea or trial on probation without entering a formal judgment of conviction. § 948.01(3), Fla.Stat. (1983). The purpose of this procedure is rehabilitative: if the defendant successfully completes his probationary period, he will not be "a convicted criminal with consequent loss of civil rights and other damning consequences." Delaney v. State, 190 So.2d 578, 580 (Fla.), appeal dismissed, 387 U.S. 426, 87 S.Ct. 1710, 18 L.Ed.2d 866 (1967).

. Even Florida courts have found an adjudication not required for a conviction under certain circumstances. See, e.g., State v. Gazda, 257 So.2d 242, 243-44 (Fla.1971) (for purpose of determining the statute of limitations on withheld sentences, "conviction” means a "determination of guilty by verdict of the jury or by plea of guilty, and does not require adjudication by the court”); Singletary v. State, 290 So.2d 116, 118 n. 4 (Fla. 4th DCA 1974) (whether or not adjudication was withheld, "persons on probation are beyond the trial or guilt determining stage of the criminal process and are not bailable ‘as of right’”).

. No meaningful distinction exists for deportation purposes between a guilty and a nolo plea, United States v. Dasher, 51 F.Supp. 805 (E.D.Pa. 1943), nor do Florida courts recognize a distinction for purposes other than reservation of the right to appeal a prior order, see State v. Lillo, 506 So.2d 94 (Fla. 2d DCA 1987) ("convicted” as used in bookmaking statute includes nolo plea); Russell v. State, 233 So.2d 148 (Fla. 4th DCA *1336 1970) (nolo plea construed same as guilty plea for all practical purposes).

. Florida Rule of Criminal Procedure 3.790(a) contains the parallel admonition: “Pronouncement and imposition of sentence shall not be made upon a defendant who is to be placed on probation regardless of whether such defendant has or has not been adjudicated guilty."