## Case No. 285.

### The AMERICA.

[11 Blatchf. 485.][1]

Circuit Court, S. D. New York. Feb. 19, 1874.

COLLISION—TOTAL LOSS—RAISING SUNKEN VESSEL—INTEREST.

1. Where a vessel is sunk by a collision, and a recovery is had by her against another vessel for a total loss of her, as the damages caused thereby, an item for the expense of raising the former vessel will be allowed, if it does not appear that more was done, in raising her, than to enable proof to be given that she could not be repaired without too great expense.

[Cited in The Mary Eveline, Case No. 9,212; The Havilah, 1 C. C. A. 519, 50 Fed. 334. Distinguished in Johanssen v. The Eloina, 4 Fed. 574.]

[See The Mary Eveline, Case No. 9,212.]

[1][Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission.]

2. In such an action, interest on the items of damage allowed is proper, as an allowance, as being necessary to indemnity.
[Cited in The Alexandria, Case No. 178.]

[In admiralty. Libel for collision by the Camden & Amboy Railroad Transportation Company, owner of the steam tug Fairfield, against the steam ferryboat America, (the Union Ferry Company, claimant.) The district court dismissed the libel, with costs, (Case No. 281,) but on appeal the decree was reversed by this court, and a reference ordered, (The America, Case No. 284.)² Heard on exceptions to the commissioner's report. Overruled.]

In this case, which was an action in rem by the owners of the steamboat Fairfield against the steamboat America, to recover for the damages sustained by the former by the sinking of the Fairfield through a collision between her and the America, the libellants had a decree, in this court. The commissioner, in his report, allowed for a total loss of the Fairfield, but, in addition, one of the items allowed by him was the expense of raising the Fairfield. Another item allowed was interest on the items of damage allowed. To the allowance of these items the claimants excepted.

Charles Donohue, for libelants.
Benjamin D. Silliman, for claimants.

WOODRUFF, Circuit Judge. I think the exceptions filed in this case were properly overruled. There is nothing to show that the libellants did not exercise a just and wise discretion in raising the Fairfield. Until she was raised it was impossible to determine whether she could be repaired without too great expense. Indeed, had she not been raised, and the libellants had come into court claiming her value, the objection that they should have raised her, or proved that she could not be raised and repaired, would have been effectually urged by the claimants of the America. The libellants were at liberty, and, in fact, bound, to go far enough to enable proof to be given of the extent of loss; and the proof does not show that more than that was done.

As to interest, it has been often said, that, in actions of tort, where the damages are unliquidated, interest is not to be allowed as matter of law, but it rests in the discretion of the jury. The proposition is not unqualifiedly true, without exception. Thus, in actions of trover, which is an action of tort, the value of the property, with interest thereon, is held to be the rule of damages. Where the value of the thing lost, or the cost of repairs and the like, are the test or measure of recovery, and the amount of damages becomes mere matter of computation, interest is as necessary to indemnity

as the allowance of the principal sums. But, if the allowance of interest rests in discretion, still, the indemnity of the party for injury from a collision occurring through the fault of another vessel, should be the object of the court in the allowance of damages. In this view, such allowance was, I think, proper. It is, in such case, not allowed as punishment. It is not like the allowance of punitive damages in actions of slander, assault and battery, and like cases. It gives indemnity only.

Let the exceptions be overruled, and a decree be entered for the amount reported.