## TEXAS CO. v. UNITED STATES.

(District Court, S. D. New York. January 29, 1926.)

United States ⟺110—Interest is recoverable against United States on claim, under special act authorizing legal damages, on same principle as in like cases between private parties (Judicial Code, § 177 [Comp. St. § 1168]; Act Cong. Nov. 17, 1921 [42 Stat. 1569]).

Under Judicial Code, § 177 (Comp. St. § 1168), interest is recoverable on claim against the United States, where special act (Act Cong. Nov. 17, 1921), provided that damages should be legal damages, on same principle and measure of liability, as in like cases between private parties.

In Admiralty. Libel by the Texas Company, owner of the steamship Texas, against the United States, owner of the steamship Frederick Der Grosse. Decree for libelant.

T. J. Schmuck, of New York City, for Texas Co.

Horace T. Atkins, of New York City, for the United States.

GODDARD, District Judge. It is true that under section 177 of the Judicial Code (Comp. St. § 1168) interest shall not be allowed on any claim against the United States up to the time of the rendition of judgment, unless there is an express intention of Congress to allow interest on such claim, but under the special act in question Congress has expressed its intention of allowing interest, for it authorized the award of damages "found to be due either for or against the United States" and provides that such damages shall be "the legal damages

* * * found to be due * * * upon the same principle and measure of liability, with costs, as in like cases in admiralty between private parties." 42 Stat. 1569.

If this were a case between private parties, there is no doubt but that interest would be allowed. In The America, 1 Fed. Cas. 604, No. 285 (reversed on other grounds, 92 U. S. 432, 23 L. Ed. 724), it was stated: "Where the value of the thing lost, or the cost of repairs and the like, are the test or measure of recovery, and the amount of damages becomes mere matter of computation, interest is as necessary to indemnity as the allowance of the principal sums."

The special statute under consideration authorized entry of judgment for or against the United States as the facts might warrant, and as Judge Mack said in The Commonwealth (D. C.) 297 F. 651, 654: "Concededly, if both were private parties, interest would be allowed; the United States asserts its right to interest, but it denies the counter right. In my judgment, if the United States is entitled to interest, then, under the fair construction of the act, a similar right is given to the other party. That the United States is so entitled has not been and cannot be denied."

In Nantasket Beach Steamboat Co. v. United States (D. C.) 297 F. 656, Judge Brewster held to the contrary, but seems to base his decision on the fact that the United States in that case was not insisting on interest in counter proceedings. However, it seems to me that whether the United States insists on interest, or does not, is immaterial, if under the act, in the event of a decision in its favor, it had the right to demand interest; under the statute in the case at bar, the United States did have that right.

Accordingly I find that the libelant is entitled to interest on the damage sustained by it.