## Ex parte PIAZZOLA.

(District Court, W. D. New York. July 7, 1926.)

Aliens ☞53—Time within which commission of crime by alien will authorize his deportation runs from his most recent entry (Immigration Act 1917, § 19 [Comp. St. § 4289¼jj]).

The period within which commission of a crime involving moral turpitude by an alien will be ground for his deportation, under Immigration Act 1917, § 19 (Comp. St. § 4289¼jj), runs from the time of his most recent entry, where he has been out of the United States since his original entry, even though it was for a temporary and brief visit to a foreign country, made with the intention to return.

Habeas Corpus. Application by Gasper Paul Piazzola, also known as Gasparo Paola Piazzoli, for writ to relieve from warrant of deportation. Writ dismissed.

Alfred F. Cohen, of Buffalo, N. Y., for petitioner.

Richard H. Templeton, U. S. Atty., of Buffalo, N. Y., opposed.

KNOX, District Judge. The record in this case does not disclose that the crime of manslaughter, upon which the relator was convicted and sentenced to prison for a term of more than one year, was committed within 5 years of his original entry into the United States. That entry was upon December 8, 1913. Relator's conviction for manslaughter occurred on December 18, 1918. By these dates it will be seen that the conviction was not had until 10 days after the expiration of the 5-year period provided in section 19 of the Immigration Act of February 5, 1917 (Comp. St. § 4289¼jj). Ali-

unde the record, it appears that the crime for which the alien was convicted was committed upon may 22, 1918.

In the case of Hughes, Commissioner v. Tropello, 296 F. 306, it was said that, in order to justify the deportation of an alien whose entry into the United States was lawful, upon the ground that he has been guilty of some offense forfeiting the right to remain, his guilt of the crime must be judicially determined in a proceeding concluded within the period of 5 years after the alien's entry into the country. For this reason, doubtless, the officials of the Department of Labor, in issuing the warrant of deportation of December 5, 1923, do not rely upon the date of relator's original entry into the country, but upon the fact that, during his residence at Niagara Falls, N. Y., he crossed over the International Bridge in July, 1916, and remained for two days in the Dominion of Canada.

Other than that this appears from the examination of the relator at his deportation hearing, there is no record of his having left and re-entered the country. The resident judge of this district has ruled in Re Michael Bonadino, decided December 20, 1924, that an alien resident of the city of Buffalo, who went to Crystal Beach, a Canadian summer resort, a few miles from Buffalo, for recreation, and who returned to Buffalo on the same day, was not within the meaning of the immigration laws relating to the departure of aliens from, and their re-entry into, the United States.

The decision in Guimond v. Howes (D. C.) 9 F.(2d) 412, while based upon a somewhat different state of facts, may be considered an authority to the contrary. It was there held that, when an alien remained in this country after first entry for greater period that that within which he is subject to deportation and then makes a temporary visit abroad (for a period of 9 days), the period of limitation for deportation runs from time of re-entry. The case was decided upon the authority of Lapina v. Williams, 232 U. S. 78, 34 S. Ct. 196, 58 L. Ed. 515, and Lewis v. Frick, 233 U. S. 291, 34 S. Ct. 488, 58 L. Ed. 967.

In view of these decisions, I feel myself unable to sustain the relator's writ. It would seem, from the declarations of the Supreme Court in Lewis v. Frick, supra, that the period within which an alien may be deported for the commission of an offense involving moral turpitude is to run, not from the time when he first entered the country, but from his most recent entry, even though that entry be upon the return from a temporary and brief visit to a foreign country, which was made with the intention to return here.

The warrant of deportation dated July 5, 1923, charges that the relator, "who landed at an unknown port on or about the 1st day of July, 1916, has been found in the United States in violation of the Immigration Act of February 5, 1917. * * *" The circumstance that the relator, by his own statement, establishes the time of entry, is sufficient to support the date of entry alleged, and I will dismiss the writ.

In consideration of the fact that there have been rulings in this district that may be said to be contrary to the one just made, I shall stay the alien's deportation, and admit him to bail pending a review of my order dismissing the writ. Bail is fixed at $1,000.