## Ex parte PARIANOS.

Circuit Court of Appeals, Ninth Circuit.
January 23, 1928.

No. 5123.

1. **Aliens** ⬅54(17)—**Credibility of deportation witnesses and weight of evidence is for administrative officers and not reviewable on habeas corpus.**

In deportation proceeding, credibility of witnesses and weight of their testimony is for the administrative officers, and not reviewable on habeas corpus.

2. **Aliens** ⬅54(5)—**Limitation for deportation proceedings, runs from last entry, notwithstanding temporary voluntary departure.**

Limitation of time for deportation runs from last entry, though after voluntary and temporary departure from United States.

Appeal from the District Court of the United States for the Southern Division of the Northern District of California; Adolphus F. St. Sure, Judge.

In the matter of petition of Nikolas Parianos, alias Nick Perry, for writ of habeas corpus. From a judgment denying the writ, petitioner appeals. Affirmed.

Puter & Quinn, of Eureka, Cal., for appellant.

George J. Hatfield, U. S. Atty., and T. J. Sheridan, Asst. U. S. Atty., both of San Francisco, Cal., for appellee.

Before GILBERT, RUDKIN, and DIETRICH, Circuit Judges.

DIETRICH, Circuit Judge. By warrant of the Secretary of Labor dated September 8, 1925, it was directed that the appellant, an alien, be deported to Greece, upon the ground "that he had been found receiving, sharing in, or deriving benefit from the earnings of a prostitute, * * * assisting a

prostitute, and * * * connected with the management of a house of prostitution." Deeming the immigration record which was attached to the petition to be sufficient to support the warrant, the court below dismissed the proceeding, and the alien appeals.

Admittedly appellant is a native of Greece and an alien. The gist of the charge upon which he was ordered to be deported relates to the operation of a resort referred to as "Little Tia Juana," or "the Elk River Inn," near the city of Eureka, Cal.; the time being the early part of 1925. That the title to the premises stood in the name of appellant's wife is conceded, and it is also conceded that in the latter part of 1924 he and two others, Pera and Davis, formed a partnership for the operation of the place; the lease from appellant's wife being taken in Pera's name. The resort was open for a period of about two months, closing soon after a raid upon it in the latter part of February, 1925. Davis had gotten out about the middle of January, and appellant claims to have withdrawn from the enterprise before operation actually commenced; but his testimony was directly contradicted by other witnesses, and is to be considered in the light of the fact that he pleaded guilty in a state court to a charge of having possession of liquor on the premises as late as February 22d.

[1] That it was a highly immoral resort, frequented by harlots and other profligates, the record leaves no doubt. In effect, it is conceded that there was evidence, both direct and circumstantial, tending to support the findings of the department touching appellant's connection with the house, as well as its character, and in substance his contention is only that the testimony came from tainted sources and is unworthy of belief. That being the case, detailed analysis is unnecessary, for the weight and credibility of the testimony was for the administrative officers, and we are not at liberty to disturb their findings. It may be true that some of the witnesses against him were despicable characters, that he had incurred the ill will of members of an opposing political faction, and that he had given information and aid to the public officers belonging to one of these factions in the enforcement of the law. But all these considerations relate to the weight and credibility of the testimony, and the probability or improbability of his guilt, rather than to the competency of the witnesses. Presumably they were not ignored by the immigration officers.

[2] There is no merit in the suggestion that appellant was not deportable, because he had resided in the United States since 1907, and his last entry followed a visit, merely temporary, to Tia Juana, Mexico. Lapina v. Williams, 232 U. S. 78, 34 S. Ct. 196, 58 L. Ed. 515; Lewis v. Frick, 233 U. S. 291, 34 S. Ct. 488, 58 L. Ed. 967; Bendel v. Nagle (C. C. A.) 17 F.(2d) 719.

Nor is there any basis of fact for the further suggestion that the trial was unfair, in that appellant was not given a reasonable time in which to prepare his defense.

Undoubtedly it was error for the officers to decline, at the first hearing, to permit the local collector of customs to testify in appellant's behalf; but subsequently the error was cured by receiving his testimony.

There was no abuse of discretion in requiring the supplementary hearing, granted upon appellant's request, to be held at San Francisco instead of Eureka.

It is true that an ex parte statement made by one Dorothy Joyce was received in evidence, and she was not produced for cross-examination; but the statement was not objected to at the time it was offered, though appellant and his counsel were present, and upon a search of the record we have not found that at any time there was a request that she be produced for cross-examination.

The judgment is affirmed.