## JACKSON v. ZURBRICK, District Director of Immigration.

### No. 6069.

Circuit Court of Appeals, Sixth Circuit.

June 27, 1932.

O. Guy Frick, of Detroit, Mich. (Ben O. Shepherd, of Detroit, Mich., on the brief), for appellant.

Julian G. McIntosh, of Detroit, Mich. (Gregory H. Frederick, of Detroit, Mich., on the brief), for appellee.

Before MOORMAN, HICKS, and SIMONS, Circuit Judges.

MOORMAN, Circuit Judge.

The appellant, a citizen of England, legally entered the United States in August, 1923. In the summer of 1928 he made a visit to Canada for a few hours, returning the same day. On December 16, 1929, he was convicted of the crime of embezzlement committed in the previous January, and was sentenced to a term in the state prison. Upon the completion of his sentence in prison he was arrested by the immigration authorities and ordered deported. Thereupon he filed a petition in the District Court for a writ of habeas corpus, which upon hearing was denied. This is an appeal from the order of denial.

The deportation was ordered under 8 USCA § 155, which provides in part: "Any alien who, after February 5, 1917, is sentenced to imprisonment for a term of one year or more because of conviction in this country of a crime involving moral turpitude, committed within five years after the entry of the alien to the United States, * * * shall, upon the warrant of the Secretary of Labor, be taken into custody and deported." The conviction was more than five years after the original entry, but within five years of the temporary visit to Canada. The sole question is whether the entry on returning from Canada was an entry within the meaning of the statute.

The question is ruled by United States v. Day, 279 U. S. 398, 49 S. Ct. 354, 73 L. Ed. 758, affirming a decision of the Circuit Court of Appeals for the Second Circuit, 16 F. (2d) 15. Other applicable cases are United States v. Curran (C. C. A.) 12 F. (2d) 394; United States v. Flynn (D. C.) 17 F. (2d) 524; Ex parte Piazzola (D. C.) 18 F. (2d) 114; Ex parte Parianos (C. C. A.) 23 F. (2d) 918, and NG Sui Wing v. United States (C. C. A.) 46 F. (2d) 755. The fact that the appellant's original entry was legal does not help him. United States v. Day, supra. Nor is the question affected by Browne v. Zurbrick, 45 F. (2d) 931 (6 C. C. A.), as that decision was based on the provision of the statute dealing with the conviction or admission of the commission of a crime "prior to entry," and the crime here involved was committed after entry into this country. The case is a hard one for the appellant. He had resided in this country lawfully since 1923, living on the border line, and he crossed over to Canada only for a few hours, intending to return. The decision of the Supreme Court in the case above cited is, however, conclusive.

The judgment is affirmed.

SIMONS, Circuit Judge (concurring).

I see no escape from the decision of the court upon consideration of the authorities

**938**

·cited in its opinion. Some additional comment, however, seems not inappropriate. Ever since it was first held that a departure, however brief and temporary, and without regard to intention to relinquish domicile, makes subsequent return a new entry, courts in border districts have found it difficult to remain silent when the result in human misery of a literal reading of the act has been realized. United States v. Smith (D. C.) 11 F.(2d) 981; United States v. Flynn (D. C.) 17 F.(2d) 524; United States v. Curran (C. C. A.) 16 F.(2d) 958. Cf. comment of Judge Denison in Browne v. Zurbrick, supra. To what has already been said, long experience as a District Judge compels the added observation that the opportunity for trickery and extortion afforded by the rule here applied is not the least of the misfortunes which attend its application.

The Congress relaxed the rigors of the deportation provisions of the act by providing that it shall not apply to one pardoned, nor if the court at the time of sentence, or within thirty days thereafter, recommends against deportation. Recommendation of this character was in the instant case made by the sentencing judge, but it is of no avail to the petitioner because not made within the time fixed by· the act, as indeed it seldom is in a busy criminal court, whether state or federal.

The petitioner is a native and citizen of England who entered the United States legally on August 1, 1923, and has resided here continuously with his family, consisting of his· father, mother, two brothers, and two sisters. It is true that he has violated the law, but it is also true that he has paid the penalty imposed by law. While the record is silent on the subject, it may safely be inferred that the sentencing judge had not before him such facts as would warrant the conclusion that, in addition to the statutory penalty, the petitioner would be subject to the far more onerous burden of deportation. It seems to me, therefore, not inappropriate to recommend that before the warrant of deportation is executed opportunity be given the petitioner either to apply to the Secretary of Labor for an order demitting his temporary visit to Canada, or to apply to the Governor of the state for pardon. Precedent for such recommendation is to be found in United States v. Smith, supra; United States v. Flynn, supra, and in United States v. Davis (C. C. A.) 13 F.(2d) 630.