LINDSEY, Immigration Inspector, v. DOBRA.
No. 6435.

Circuit Court of Appeals, Fifth Circuit.
Dec. 10, 1932.

H. M. Holden, U. S. Atty., and M. S. McCorquodale, Asst. U. S. Atty., both of Houston, Tex., for appellant.

Harold M. Oster, of Galveston, Tex., for appellee.

Before BRYAN, FOSTER, and SIBLEY, Circuit Judges.

SIBLEY, Circuit Judge.

Rudolfo Dobra was arrested for deportation, given a full hearing in which he was represented by counsel, confronted with all witnesses against him, and allowed full cross-examination of them and examination of all desired witnesses in his own behalf. The Secretary of Labor found that the charge against him, made in the language of the statute, "that he had been found managing a house of prostitution or music or dance hall or other place of amusement or resort habitually frequented by prostitutes or where prostitutes gather," was sustained, and ordered deportation. Dobra brought habeas corpus before the District Court, which heard testimony in addition to that in the record of the hearing for deportation, and ordered Dobra's release on the sole ground that the evidence did not authorize the conclusion that Dobra's place was one habitually frequented by prostitutes or where they gathered. 51 F.(2d) 141. This appeal followed.

▮ The statute involved is 8 USCA § 155, which concludes thus: "In every case where any person is ordered deported from the United States under the provisions of this subchapter, or of any law or treaty, the decision of the Secretary of Labor shall be final."

Congress has power to order at any time the deportation of aliens whose presence in the country it deems hurtful, and may do so by appropriate executive proceedings. Whether one is an alien or not touches the jurisdiction of the executive officer to act, and the executive conclusion on that fact is open to judicial inquiry on habeas corpus. But, where jurisdiction exists, a finding of fact by the executive department is conclusive, and courts have no power to interfere, unless there was either denial of a fair hearing or the finding was not supported by evidence or there was applied an erroneous rule of law. Ng Fung Ho v. White, 259 U. S. 277, 282, 42 S. Ct. 492, 66 L. Ed. 938; Lewis v. Frick, Inspector, 233 U. S. 291, 34 S. Ct. 488, 58 L. Ed. 967; Loh Wah Suey v. Backus, 225 U. S. 460, 32 S. Ct. 734, 56 L. Ed. 1165; Zakonaite v. Wolf, 226 U. S. 272, 33 S. Ct. 31, 57 L. Ed. 218. Dobra admits his alienage. His petition for habeas corpus claims, and the evidence shows, no unfairness in the proceedings. All parties agree in the view of the District Judge that a casual, incidental entrance into Dobra's place by prostitutes to buy what he had to sell, including whisky, or to get some man in whom they severally had some permanent interest out of the gambling hall, would not bring Dobra within the statute, but that it is necessary to show that he permitted prostitutes for purposes connected with their activities as such to frequent or gather there. Despite Dobra's claim, somewhat self-contradictory, that he was not the manager of the place, it is conceded, as the District Court found, that the evidence warrants the conclusion that he was such, and that his proprietorship had extended from time to time, not only to the restaurant, but also to the gambling hall and the soft drink stand connected therewith at which liquors were sold, and that he himself had often sold them. The place was a place of amusement and resort primarily for men. The narrow question is whether prostitutes habitually frequented and gathered at the place for purposes connected with their business.

▮ The taking in the District Court of additional evidence on the merits was excepted to. Though the evidence adduced does not appear to be of controlling importance, we must hold its reception to be improper. Aside from questions of citizenship or coercion or fraud in the hearing, a retrial of fact issues on new evidence is not in order. Excedahtelos v. Fluckey (6 C. C. A.) 54 F.(2d) 858. Where additional evidence on the merits is allowed in the District Court, it should be only after the order of deportation has

been condemned as invalid and for the purpose of settling the question whether the court should discharge the alien or hold him for further hearing before the executive authorities. Whitfield v. Hanges (C. C. A.) 222 F. 745, 747.

We think the evidence presented to the Secretary of Labor on the contested point was sufficient to sustain his finding. Dobra admitted that his place was located in the heart of "the district," that he had lived at this same place for many years, and knew most of the women of the neighborhood to be prostitutes, and that "plenty women came in there" while he was running it. He also testified that a sworn statement of an ex-policeman, Daniel, which was exhibited to him, was correct except as to Dobra's running the place, which statement contained this: "I have noticed colored prostitutes go into this place. They would go there quite often. They frequented the place while Rudolfo was running it. They never did solicit men there to my knowledge." Dobra denied knowing they were prostitutes and specially denied knowing any one of three who appeared to testify against him. All three testified to acquaintanceship with him and to having bought liquor from him in the place. On the exact issue one testified: "My occupation is prostitute. I have solicited men in this place at 2701 Postoffice Street for some other purposes (gambling and liquor had been just mentioned). This man (Dobra) had occasion to know that I solicited men in there. He knew what I did for a living. Didn't nobody go in his place of business but hustling men and women. No decent people went. Many other prostitutes went in there. Lots that I know and lots that I don't know. They solicited men in there to have sexual intercourse and anything else they could get. This man knew what they were in there for. * * * I went into that place every day practically. I couldn't count all the times, sometimes twice, sometimes once a day. I would be in there practically all night Saturday nights. Pretty much all the time this man would be in there. He used to be the one that served me drinks. There are houses of prostitution all around, next door to him and clear down to 28th Street on each side." Another of them testified to being known to Dobra as a prostitute; that she was frequently in his place and he did not object or try to run her or any other girl out; and every time she would go in there it would be so full of prostitutes she couldn't call one-third of their names—just a class of trade like herself frequented the place. The third testified to going to the place occasionally and buying liquor with other prostitutes, but denied plying her trade there. She said any woman of decency would not go into a place like that, that Dobra never objected to any of the girls going into the place and knew what she did for a living. While there was testimony from other persons of possibly greater credibility which tended otherwise, we think that to which we call attention, if believed, was sufficient to show that Dobra's place was habitually frequented and resorted to by prostitutes as such and with his knowledge and consent. On habeas corpus the court must accept the findings of fact of the immigration authorities, in the absence of deprivation of fair trial. Lewis v. Frick, supra; Weinbrand v. Prentis (6 C. C. A.) 4 F.(2d) 778; Yip Wah v. Nagle (9 C. C. A.) 7 F.(2d) 426. The credibility of witnesses and the weight of the testimony is for them, and is not reviewable on habeas corpus. Ex parte Parianos (9 C. C. A.) 23 F.(2d) 918; Gambroulis v. Nash (8th C. C. A.) 12 F.(2d) 49. If there is evidence to sustain the charge, the decision of the Secretary of Labor as to the weight of the proof must be accepted by the courts as conclusive. U. S. v. Uhl (2d C. C. A.) 211 F. 628; U. S. ex rel. Georgian v. Uhl (2d C. C. A.) 271 F. 676; Wallis v. U. S. (5th C. C. A.) 230 F. 71.

The judgment is reversed, with direction to remand the alien to the custody of appellant.