## Ex parte GARCIA.
### No. 2169.

District Court, S. D. Texas, Houston Division.

Feb. 17, 1933.

H. M. Holden, U. S. Atty., and M. S. McCorquodale, Asst. U. S. Atty., both of Houston, Texas, for the United States.

N. P. Reid, of Wharton, Texas, for petitioner.

KENNERLY, District Judge.

In custody of an immigration officer under a warrant of deportation, directing her deportation to Mexico, issued by the Secretary of Labor January 9, 1933, Luciana Garcia, an alleged alien, petitions for the writ of habeas corpus, and for her enlargement. This is a hearing thereon. The facts will be stated in the discussion.

The grounds of deportation set forth in the warrant of deportation are as follows: "That she is an inmate of a house of prostitution; that she has been found managing a house of prostitution, or music or dance hall, or other place of amusement or resort habitually frequented by prostitutes, or where prostitutes gather; and that she has been found practicing prostitution subsequent to her entry."

1. It is alleged and shown that petitioner, who is about twenty-six years of age, was born in the Republic of Mexico, was brought into the United States when only six months of age, and has since resided in the United States near Wharton, Tex.; that she is married, but for four years has lived apart from her husband, has one dependent child (five years of age and who was born in the United States), and a dependent mother; that she was never in Mexico except for two months in 1913 (she being then about seven years of age), has no friends or close relatives there, and is wholly unfamiliar with

the customs and habits of the people there; that if deported to Mexico, she will be a stranger in a strange land; that if she is deported and leaves her child (a citizen of the United States) in this country, it will be deprived of a mother's care, and may become a public charge; that petitioner will be taken from association with her mother and other members of her family.

These facts are pressed as being grounds for setting aside the warrant of deportation, and enlarging the petitioner. But under the law, what shall be done under such circumstances is not for the courts, but exclusively for the Secretary of Labor, to determine. His determination is final, and not subject to review by the courts in a habeas corpus proceeding. Whether petitioner will present the matter further to the Secretary of Labor is for her to decide.

■ 2. It is shown that petitioner was never naturalized in the United States, but that in 1926, she married, and is still married to, a citizen of the United States, one Bela or Vela. It is claimed that by her marriage, she became a citizen of the United States. Since the act of September 1922, the law has been to the contrary. See Act of September 22, 1922, 42 Stat. 1021, 1022, § 2, title 8, USCA, § 368.

■ 3. It is claimed she was not accorded a fair hearing by the immigration department. On this issue, both the record of the proceedings before the immigration officer, and the evidence offered before the court [Lindsey v. Dobra (C. C. A.) 62 F.(2d) 116, 117], show that while she was not represented at the hearing by the counsel who now represents her, she was represented by able counsel of her own selection, and all her rights were carefully guarded. The chief complaint is that such counsel did not bring before the immigration officers, certain witnesses to testify to the good moral character and upright deportment of petitioner. Full opportunity was afforded by the officers for producing such witnesses, but the counsel apparently did not deem it wise, or to the best interest of petitioner, to produce them. I think petitioner had a fair hearing.

■■ 4. Petitioner in effect asks this court to hear evidence on, and retry, the issues of fact tried before the Secretary of Labor, i. e., determine the credibility of witnesses, the weight to be given their testimony, and finally as to the preponderance of the evidence. She also complains that the findings of the Secretary of Labor are not supported by the evidence.

That this court may not so retry issues of fact (except jurisdictional facts) is well settled (Lindsey v. Dobra, supra). Also where (as here) there is legal evidence to support the findings of fact of the Secretary of Labor, such findings must be regarded as unassailable. Costanzo v. Tillinghast, 53 S. Ct. 152, 77 L. Ed. ——, decided December 5, 1932, and cases there cited.

■ 5. It is further insisted that even if the facts are as found by the Secretary of Labor, they do not as a matter of law authorize the issuance of the warrant for and the deportation of petitioner, in view of her long residence in the United States. It was found: (a) That petitioner was an inmate of a house of prostitution; (b) that she was found managing a house of prostitution, etc.; (c) that she had been found practicing prostitution subsequent to her entry, etc.

That she may be deported on these grounds, notwithstanding her long residence in the United States, is now settled. Costanzo v. Tillinghast, supra.

It follows that petitioner's petition for the writ of habeas corpus must be denied, and petitioner remanded to the custody of the immigration officers. Let an order be prepared and presented accordingly.