## GEORGE v. UNITED STATES.
### No. 6939.

Circuit Court of Appeals, Fifth Circuit.

Jan. 12, 1934.

Rehearing Denied Feb. 10, 1934.

Fletcher S. Jones, of Beaumont, Tex., for appellant.

S. D. Bennett, U. S. Atty., and C. S. Pipkin, Asst. U. S. Atty., both of Beaumont, Tex.

Before BRYAN, HUTCHESON, and WALKER, Circuit Judges.

WALKER, Circuit Judge.

By petition for the writ of habeas corpus, the appellant, an alien, sought a discharge from his detention under a warrant for his deportation, dated April 12, 1917. In the hearing on the writ of habeas corpus issued and the return thereto, it appeared that, when the warrant of deportation was issued, the appellant was in the custody of the United States marshal for the Southern District of Texas for commitment to the United States penitentiary at Atlanta, Ga., pursuant to his conviction under an indictment hereinafter referred to; that, upon the expiration of the sentence under that conviction, appellant was taken into custody by immigration officials and was detained in New Jersey for deportation under the above-mentioned warrant, and that, while he was so detained in 1918, appellant escaped and was at large until he was rearrested at Beaumont, Tex., in January, 1933, under that deportation warrant. The hearing below resulted in the dismissal of the petition for the writ of habeas corpus, and the remandment of the appellant to the custody of the immigration officials.

The proceeding which resulted in the issue of the above-mentioned deportation warrant was initiated by a charge that the appellant "has been found receiving, sharing in, and deriving benefit from the earnings of a prostitute, and assisting a prostitute." That charge was of a deportable offense under the statute which provided that: "Any alien ⋆ * * who shall receive, share in, or derive benefit from any part of the earnings of any prostitute * * * shall, upon the warrant of the Secretary of Labor, be taken into custody and deported." Act 1907, c. 1134, §§ 3, 20, as amended by Act 1910, c. 128, 36 Stat. 263, 265 [see 8 USCA § 155]. The deportation warrant was challenged on the grounds that the hearing on that charge before an immigration inspector was unfair by reason of the inspector considering written statements made by Marie Drew, which were attached to the inspector's report submitted to the Secretary of Labor, without the appellant being confronted by Marie Drew and given the right or opportunity to cross-examine her, and by reason of the attitude of the immigration inspector toward the appellant in the hearing being unfair.

In the hearing before the immigration inspector, a copy of an indictment against the appellant and Marie Drew was exhibited to the appellant, and, in response to a question as to the appellant pleading guilty to that indictment, he stated that he did. That indictment in different counts charged the accused with conspiring to commit, and with committing, offenses under the Mann Act (18 USCA §§ 398, 399, 400), and contained the following: "That in pursuance of the aforesaid unlawful conspiracy, combination, con-

federation and agreement, and to effect the aforesaid object and purpose of the same, the said Marie Drew, alias Mary Prentice, in the City of Galveston, in Galveston County, in the State of Texas, during the months of January, February and March, A. D. 1916, did practice prostitution and follow the vocation of a prostitute, and the said Mike George, alias Mike Kelly, did, at and in the aforesaid city, then and there take and receive from the said Marie Drew, alias Mary Prentice, large sums of money earned by her in the practice of prostitution and following the vocation of a prostitute." In that hearing written statements made by Marie Drew were, without objection by the appellant, so far as appears, considered by the inspector and were included in the evidence which was before the Assistant Secretary of Labor when he issued the deportation warrant. In the hearing before the inspector, the appellant stated that he and Helen Ray stayed together three nights in a hotel at Brownsville, Tex., during which time Helen Ray was "hustling on the outside as a prostitute," and that he paid the hotel bill for Helen Ray and himself with money given to him by Helen Ray for that purpose.

The record in the deportation proceedings showed that the appellant in effect admitted that he received, shared in, or derived benefit from, part of the earnings of prostitutes. There was ample competent evidence before the Assistant Secretary of Labor to support his findings, upon which the deportation warrant was based, that the appellant "has been found receiving, sharing in, or deriving benefit from the earnings of a prostitute, or prostitutes; and that he has been found assisting a prostitute." Those findings being abundantly supported by competent evidence, the hearing before the immigration inspector was not made unfair by the receipt in evidence in that hearing of the ex parte statements of Marie Drew, assuming that those statements were not properly receivable in evidence. Bilokumsky v. Tod, 263 U. S. 149, 157, 44 S. Ct. 54, 68 L. Ed. 221; United States ex rel. Vajtauer v. Commissioner of Immigration, 273 U. S. 103, 47 S. Ct. 302, 71 L. Ed. 560; United States v. McCandless (C. C. A.) 61 F.(2d) 366; Kjar v. Doak (C. C. A.) 61 F.(2d) 566.

Nothing in the record of the deportation proceedings indicates that in the hearing before the immigration inspector the attitude of that official toward the appellant was unfair. In the hearing in the habeas corpus proceeding now under review, the charge that the hearing before the immigration inspector was unfair was sought to be supported by testimony of the appellant to the effect that a written statement by him which was considered in that hearing was signed by him under coercion, in that the immigration official who procured that statement, while appellant was in jail under the charges contained in the above-mentioned indictment, told appellant that he had to sign that statement, and, when doing so, twice hit the appellant with a pistol. Assuming that such evidence was admissible to impeach the fairness of the hearing before the immigration inspector [see Lindsey v. Dobra (C. C. A.) 62 F.(2d) 116], it was for the judge who presided in the habeas corpus hearing now under review to pass on the credibility of oral testimony given in his presence. It appears from the opinion rendered by the District Judge that he did not believe that testimony to be true. There is nothing in the record to justify this court in setting aside the conclusion of the District Judge against the credibility of that testimony.

It appearing from the record before us that there was ample competent evidence before the immigration officials supporting their findings on which the deportation order was based, and it not appearing that the immigration inspector, in the hearing before him, committed any error so flagrant as to make that hearing essentially unfair, the deportation order is not subject, upon a collateral attack in habeas corpus proceedings, to be set aside on the ground of the absence of a fair hearing on the charges made against the appellant. United States ex rel. Vajtauer v. Com'r of Immigration, supra; Lindsey v. Dobra, supra.

No reversible error appearing, the order under review is affirmed.