**ZURBRICK, District Director of Immigration, v. WOODHEAD.**

**No. 7549.**

Circuit Court of Appeals, Sixth Circuit.

June 28, 1937.

L. M. Hopping, of Detroit, Mich. (John C. Lehr, of Detroit, Mich., on the brief), for appellant.

Frank J. Kinzinger, of Detroit, Mich., for appellee.

Before HICKS, SIMONS, and ALLEN, Circuit Judges.

SIMONS, Circuit Judge.

Once more we are impelled to direct attention to the toll in human anguish which so often follows that literal reading of the Immigration Act by which every departure from the United States, however brief and temporary, and pursuant to no intention to relinquish domicile, constitutes subsequent return a new entry, subjecting the unsuspecting to exclusion or deportation. But the law is clear, and however cruel the result, we have no recourse but protest and recommendation.

The present appeal is by the Director of Immigration from an order discharging an alien from custody under a deportation warrant upon her petition for a writ of habeas corpus. The facts of record are undisputed. The petitioner is a young Scottish woman, who, with her parents, brothers, and sisters, emigrated to the United States and was lawfully admitted on September 22, 1924. She was then twenty-four years of age, and has lived here continuously since that time. So far as the record shows she has been capable of making and has made her own way, having been employed for years as a bookkeeper with the Detroit City Gas Company. She has never been refused admission to the United States, nor been arrested and convicted of crime or misdemeanor. There is no blot upon her character. She became afflicted, however, with active tuberculosis, and on April 12, 1934, was admitted for treatment to the Herman Kiefer Hospital, a public institution. Her own savings and those of her family having been swept away by the long period of depression, neither she nor they were possessed of means to pay the hospital expenses. Within the purview of the law she became a public charge. This coming to the attention of the immigration authorities, and it also coming to their attention that on February 25, 1934, within two months of her admission to the hospital, she had made a temporary visit of a few hours to Windsor, Canada, on a shopping tour with several girl friends, she was taken into technical custody and held for examination. The hearing which followed was fairly conducted. The return from Canada being an entry under the Immigration Act, it

992

was found by the Secretary of Labor that at the time of such entry she belonged to the excluded classes under the provisions of section 3 of the 1917 Act (as amended, 8 U.S.C.A. § 136) in that she was (e) a person afflicted with tuberculosis, and (i) a person likely to become a public charge. A warrant for deportation issued—challenged by petition for a writ of habeas corpus. The District Judge, understandably moved more by human compassion than strict adherence to controlling precedents, granted the writ and discharged the petitioner.

We are compelled, however reluctantly, to reverse. Without regard to the lawfulness of the petitioner's original entry, without regard to the running of the period of limitation during which she might have been deported for violation of law, illness, or acceptance of public aid following such entry, her subsequent entry into the United States, following temporary departure, made possible her exclusion or her deportation after admission, whatever her previous status. United States ex rel. Claussen v. Day, 279 U.S. 398, 49 S.Ct. 354, 73 L.Ed. 758; United States ex rel. Ciccerelli v. Curran, 12 F.(2d) 394 (C.C.A.); Jackson v. Zurbrick, 59 F.(2d) 937 (C.C.A.6). It has been thought, however, that it is within the power of the Secretary of Labor to demit the temporary visit to Canada. United States ex rel. Kowalenski v. Flynn, 17 F.(2d) 524 (D.C.N.Y.); United States ex rel. Klonis v. Davis, 13 F.(2d) 630 (C.C.A.2); United States ex rel. Palermo v. Smith, 11 F.(2d) 980, 981 (D.C.N.Y.); see, also, concurring opinion in Jackson v. Zurbrick, supra. We therefore recommend that the execution of the deportation warrant be stayed until the petitioner, or those who may interest themselves in her behalf, shall have had opportunity to apply to the Secretary of Labor for administrative relief.

The execution of the warrant in this case would be deplorable. It was thought by the Second Circuit Court of Appeals in United States v. Davis, supra, that even in some cases where crime had been committed deportation was to be regretted since it is exile, and a punishment abandoned by the common consent of all civilized peoples. Here no crime or misdemeanor was committed. The malady with which the petitioner was afflicted was not brought from abroad, but was contracted in the United States. The petitioner became a

public charge through causes over which she had no control, during a time when millions of persons, aliens and citizens alike, accepted the aid of a benign government with no loss of human dignity. It is true that the petitioner might have made her American residence secure against any assault by applying for and securing citizenship, but it is probably also true that the hazard of her failure to do so had never been brought home to her. Her home is here. Her parents, brothers, and sisters are here. She is now married to an American. Her ties to her native land have been completely severed. The court is without power to disturb the executive decision, but we apprehend that the Secretary of Labor is not so impotent.

Reversed and remanded.