## In re KOUTELOS.

### Civ. A. No. 828.

District Court, S. D. Texas, Houston Division.

Dec. 2, 1942.

C. F. Tucker, of Houston, Tex., for petitioner.

Douglas W. McGregor, U. S. Atty., and Miles L. Moss, Asst. U. S. Atty., both of Houston, Tex., for respondent.

KENNERLY, District Judge.

On July 29, 1942, a warrant of deportation was issued under the United States Immigration Laws, Title 8, U.S.C.A., directing that petitioner, Dimitrios Koutelos, a Greek alien seaman, be deported to Scotland. He petitions for the writ of habeas corpus, and this is a hearing on his petition.

There is no dispute that petitioner is an alien. At the trial, the testimony of witnesses was heard and other evidence admitted to enable the court to determine whether petitioner had a fair hearing before the Immigration Authorities, and whether the evidence be sufficient to support the warrant of deportation. The record of proceedings before the Immigration Authorities was offered in evidence. A consideration of the evidence and an examination of the record convinces me that petitioner did have a fair hearing, and that the evidence is abundantly sufficient to support the warrant of deportation. Lindsey v. Dobra, 5 Cir., 62 F.2d 116.

The only other question is whether petitioner should or should not have been ordered deported to Scotland. The Statute requires the Attorney General to deport an alien either to the country from whence he came, or to the foreign port at which such alien embarked to the United States, Section 156, 8 U.S.C.A. In this case, the evidence shows that petitioner embarked

758

for the United States from a port in Scotland, and the action of the Attorney General in ordering him deported to Scotland is, therefore, unassailable.

The facts in the case of Moraitis v. Delany, D.C., 46 F.Supp. 425, upon which petitioner appears to stand, are different from those in this case, but the rule here stated is there recognized. Taking into consideration War conditions, there does not seem to have been such delay in executing the warrant as would entitle petitioner to complain.

The petitioner's petition is denied. Let an order be drawn and presented accordingly.